UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN ACA, GABRIEL BAILON, LUIS MEDINA, ANIBAL ALIFONSO POLANCO, and LUCIANO ROSAS, individually, and on behalf of all others similarly situated,

Civil Action No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs,

-against-

JURY TRIAL DEMANDED

ELI HALALI, OREN HALALI, YEHOSHUA HALALI aka JOSHUA HALALI, DANIEL MOSHKOVICH, 2 BROS HARLEM INC., 2 BROS HARLEM 2, INC., 2 BROS 1015 INC., 2 BROS. FORDHAM INC., 2 BROS 6TH AVE. INC., 2 BROS. 8TH AVE INC., 2 BROS 9TH AVE. INC., 2 BROS FLATBUSH INC., 2 BROS. 1ST AVE. INC., 2 BROS. 319 INC., 2 BROS. W. 25 INC. and 2 BROS. W. 46 INC.,

Defendants.

Plaintiffs, Ruben Aca, Gabriel Bailon, Luis Medina, Anibal Alpifonso Polanco and Luciano Rosas, on behalf of themselves and all others similarly situated, by their attorneys, Slater Slater Schulman LLP and The Marlborough Law Firm, P.C., respectfully allege upon knowledge as to themselves and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

1.    Plaintiffs are current and former workers employed by the Defendants as pizza makers and cashiers to work at Defendants' chain of pizza restaurants known as "2 Bros. Pizza", in various boroughs in the City of New York.

2.    Plaintiffs bring this action on behalf of themselves and a class of similarly situated current and former employees, to seek redress for systematic and class-wide failure by Defendants

to provide minimum wage, overtime wages, spread of hour wages and failure to provide proper statements with each payment of wages.

3.     Defendants' unlawful practices, in violation of the provisions of the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), include, but are not limited to: Defendants' failure to pay Plaintiffs and all others similarly situated the applicable minimum wage; failure to compensate Plaintiffs and all others similarly situated for wages due for overtime work at not less than one and one-half (1 ½) times the regular hourly rate for all hours worked in excess of forty (40) hours per week in a workweek; failure to pay an additional hour's pay at the basic minimum hourly wage rate for everyday Plaintiffs and all others similarly situated worked a spread of hours that exceeded ten (10) hours; and failure to provide proper statements with each payment of wages as required by the NYLL.

## PARTIES

4.     During all relevant time periods, Plaintiff Ruben Aca was and still is a resident of the County of Bronx, State of New York.

5.     During all relevant time periods, Plaintiff Gabriel Bailon was and still is a resident of the County of Bronx, State of New York.

6.     During all relevant time periods, Plaintiff Luis Medina was and still is a resident of the County of Queens, State of New York.

7.     During all relevant time periods, Plaintiff Anibal Alpifonso Polanco was and still is a resident of the County of Bronx, State of New York.

8.     During all relevant time periods, Plaintiff Luciano Rosas was and still is a resident of the County of Bronx, State of New York.

9.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards

2

Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

10.    At all relevant times, Defendant Eli Halali was and still is a resident of the State of New York.

11.    At all relevant times, Defendant Eli Halali was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

12.    At all relevant times, Defendant Oren Halali was and still is a resident of the State of New York.

13.    At all relevant times, Defendant Oren Halali was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

14.    At all relevant times, Defendant Yehoshua Halali, believed to also be known as or using the name "Joshua Halali", was and still is a resident of the State of New York.

15.    At all relevant times, Defendant Yehoshua Halali aka Joshua Halali was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

16.    At all relevant times, Defendant Daniel Moshkovich was and still is a resident of the State of New York.

17.    At all relevant times, Defendant Daniel Moshkovich was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

18.    At all relevant times, Defendant 2 Bros Harlem Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

19.    At all relevant times, Defendant 2 Bros Harlem Inc. maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

20.    At all relevant times, Defendant 2 Bros Harlem Inc. was and still is operating as

and/or doing business as "2 Bros. Pizza".

    21.    At all relevant times, Defendant 2 Bros Harlem Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

    22.    At all relevant times, Defendant 2 Bros Harlem 2, Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

    23.    At all relevant times, Defendant 2 Bros Harlem 2, Inc. maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

    24.    At all relevant times, Defendant 2 Bros Harlem 2, Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

    25.    At all relevant times, Defendant 2 Bros Harlem 2, Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

    26.    At all relevant times, Defendant 2 Bros 1015 Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

    27.    At all relevant times, Defendant 2 Bros 1015 Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

    28.    At all relevant times, Defendant 2 Bros 1015 Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

    29.    At all relevant times, Defendant 2 Bros 1015 Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

    30.    At all relevant times, Defendant 2 Bros. Fordham Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

    31.    At all relevant times, Defendant 2 Bros. Fordham Inc. has maintained its  principal place of business located at 45 West 34th Street, New York, New York 10001.

32.    At all relevant times, Defendant 2 Bros. Fordham Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

33.    At all relevant times, Defendant 2 Bros. Fordham Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

34.    At all relevant times, Defendant 2 Bros 6th Ave. Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

35.    At all relevant times, Defendant 2 Bros 6th Ave. Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

36.    At all relevant times, Defendant 2 Bros 6th Ave. Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

37.    At all relevant times, Defendant 2 Bros 6th Ave. Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

38.    At all relevant times, Defendant 2 Bros 8th Ave. Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

39.    At all relevant times, Defendant 2 Bros 8th Ave. Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

40.    At all relevant times, Defendant 2 Bros 8th Ave. Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

41.    At all relevant times, Defendant 2 Bros 8th Ave. Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

42.    At all relevant times, Defendant 2 Bros 9th Ave. Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

43.    At all relevant times, Defendant 2 Bros 9th Ave. Inc. has maintained its principal

5

place of business located at 45 West 34th Street, New York, New York 10001.

44.    At all relevant times, Defendant 2 Bros 9th Ave. Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

45.    At all relevant times, Defendant 2 Bros 9th Ave. Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

46.    At all relevant times, Defendant 2 Bros Flatbush Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

47.    At all relevant times, Defendant 2 Bros Flatbush Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

48.    At all relevant times, Defendant 2 Bros Flatbush Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

49.    At all relevant times, Defendant 2 Bros Flatbush Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

50.    At all relevant times, Defendant 2 Bros. 1st Ave. Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

51.    At all relevant times, Defendant 2 Bros. 1st Ave. Inc. maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

52.    At all relevant times, Defendant 2 Bros. 1st Ave. Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

53.    At all relevant times, Defendant 2 Bros. 1st Ave. Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

54.    At all relevant times, Defendant 2 Bros. 319 Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

55.     At all relevant times, Defendant 2 Bros. 319 Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

56.     At all relevant times, Defendant 2 Bros. 319 Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

57.     At all relevant times, Defendant 2 Bros. 319 Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

58.     At all relevant times, Defendant 2 Bros. W. 25 Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

59.     At all relevant times, Defendant 2 Bros. W. 25 Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

60.     At all relevant times, Defendant 2 Bros. W. 25 Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

61.     At all relevant times, Defendant 2 Bros. W. 25 Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

62.     At all relevant times, Defendant 2 Bros. W. 46 Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

63.     At all relevant times, Defendant 2 Bros. W. 46 Inc. has maintained its principal place of business located at 45 West 34th Street, New York, New York 10001.

64.     At all relevant times, Defendant 2 Bros. W. 46 Inc. was and still is operating as and/or doing business as "2 Bros. Pizza".

65.     At all relevant times, Defendant 2 Bros. W. 46 Inc. was and still is the owner and/or operator of the pizza restaurant chain commonly known and referred to as "2 Bros. Pizza".

66.     At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly

7

known as 2060 Lexington Avenue, New York, New York 10035.

     67.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 601 6th Avenue, New York, New York 10011.

     68.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 125 Lexington Avenue, New York, New York 10016.

     69.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 205 East Fordham Road, Bronx, New York 10458.

     70.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 755 6th Avenue, New York, New York 10010.

     71.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 113 East 125th Street, New York, New York 10035.

     72.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 557 8th Avenue, New York, New York 10018.

     73.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 1015 6th Avenue, New York, New York 10018.

     74.    At all relevant times, 2 Bros. Pizza was and still is operating at premises commonly known as 319 Avenue of Americas, New York, New York 10014.

     75.    Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

     76.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

77.    This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

78.    Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, collective and class members, within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

79.    At all relevant times, each of the Plaintiffs were hired and employed at the 2 Bros Pizza restaurant chain in the County of New York, State of New York.

80.    Plaintiffs have worked for Defendants at the 2 Bros Pizza restaurants for varying time periods ranging from June 19, 2009 through the present.

81.    Plaintiffs' duties as pizza makers and cashiers include, without limitation, the following: serving and assisting patrons, preparing pizzas, ringing orders and cleaning.

82.    At all relevant times, Defendant Eli Halali was and still is the owner and/or operator of 2 Bros. Pizza, and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiffs and employees at 2 Bros. Pizza.

83.    At all relevant times, Defendant Oren Halali was and still is the owner and/or

9

operator of 2 Bros. Pizza, and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiffs and employees at 2 Bros. Pizza.

84.     At all relevant times, Defendant Yehoshua Halali aka Joshua Halali was and still is the owner, operator and/or manager of 2 Bros. Pizza, and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiffs and employees at 2 Bros. Pizza.

85.     At all relevant times, Defendant Daniel Moshkovich was and still is the head manager of 2 Bros. Pizza, and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiffs and employees at 2 Bros. Pizza.

10

86.     At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiffs in their employment at 2 Bros. Pizza.

87.     Plaintiff Ruben Aca has been employed by Defendants as a pizza maker and cashier at 2 Bros. Pizza, located at 2060 Lexington Avenue, New York, New York 10035, from in or about October 2012 through present. From in or about October 2012 through in or about January 2014, for each and every week of said period, Plaintiff worked 11:00 a.m. to 11:00 p.m., Monday through Saturday, for seventy-two (72) hours per week, and was paid a flat weekly salary of $480.00 per week ($6.66 per hour). From in or about January 2014 through present, for each and every week Plaintiff has worked from 9:00 a.m. to 7:00 p.m., Monday through Saturday, for sixty (60) hours per week, and was and still is paid a flat weekly salary of $600.00 per week.

88.     Plaintiff Gabriel Bailon has been employed by Defendants as a pizza maker and cashier at 2 Bros. Pizza, located at 2060 Lexington Avenue, New York, New York 10035, from in or about September 2009 through present. From in or about September 2009 through in or about April 2014, for each and every week of said period, Plaintiff worked 10:00 a.m. to 10:00 p.m., Monday through Saturday, for seventy-two (72) hours per week, and was paid a flat weekly salary of $600.00 per week. From in or about April 2014 through present, for each and every week Plaintiff has worked Sunday through Friday, 8:30 a.m. to 6:30 p.m. for sixty (60) hours per week and was and still is paid a flat weekly salary of $600.00 per week.

89.     Plaintiff Luis Medina has been employed by Defendants as a pizza maker and cashier at 2 Bros. Pizza, located at 755 5th Avenue, New York, New York 10022, from in or about November 2013 through in or about November 2014. From in or about November 2013 through in or about March 2014, for each and every week of said period, Plaintiff worked seventy-two (72) hours per week, and was paid a flat weekly salary of $540.00 per week ($7.50 per hour). From in

11

or about April 2014 through in or about November 2014, for each and every week of said period,
Plaintiff worked sixty (60) hours per week and was paid a flat weekly salary of $570.00 per week
($9.50 per hour).

90.     Plaintiff <u>Anibal Alifonso Polanco</u> has been employed by Defendants as a pizza
maker and cashier at 2 Bros. Pizza, located at 113 East 125th Street, New York, New York 10035,
from in or about November 2013 through present. From in or about November 2013 through in or
about January 2014, for each and every week of said period, Plaintiff worked from 11:00 a.m. to
9:00 p.m., Monday through Saturday, for sixty (60) hours per week, and was paid a flat weekly
salary of $480.00 per week. From in or about January 2013 through present, for each and every
week Plaintiff has worked the aforesaid sixty (60) hours per week schedule and was and still is
paid a flat weekly salary of $459.00 per week.

91.     Plaintiff <u>Luciano Rosas</u> has been employed by Defendants as a pizza maker and
cashier at 2 Bros. Pizza, located at 557 8th Avenue, New York, New York 10018, from in or about
March 2010 through present. From in or about March 2010 through in or about March 2012, for
each and every week of said period, Plaintiff worked from 10:00 a.m. to 10:00 p.m., Monday
through Saturday, for seventy-two (72) hours per week and was paid a flat weekly salary of
$480.00 per week ($6.66) per hour. From in or about March 2012 through in or about December
2013, for each and every week of said period, Plaintiff worked the aforesaid seventy-two (72) hour
per week schedule and was paid a flat weekly salary of $510.00 per week ($7.08 per hour). From
in or about December 2013 through present, for each and every week Plaintiff has worked 4:00
p.m. to 2:00 a.m., Tuesday, Wednesday and Sunday, and 6:00 p.m. to 4:00 a.m., Thursday through
Saturday, for sixty (60) hours per week, and was and still is paid a flat weekly salary of $510.00
per week.

92.    At all relevant times, Plaintiffs were paid in cash off the books.

93.    At all relevant times, Plaintiffs' hours worked were not recorded by the Defendants.

94.    In or about September 2014, Defendants began to deduct approximately $100.00 or more per week from the wages of each of the Plaintiffs.

95.    Upon information and belief, Defendants falsely advised Plaintiffs such amount were being deducted for taxes.

96.    Upon information and belief, such amounts deducted have not been used for taxes and have been kept by the Defendants for personal profit.

97.    The work performed by Plaintiffs was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

98.    Plaintiffs were and still are entitled to be paid at least one and one-half of their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

99.    During the relevant time periods, each of the Plaintiffs worked in excess of forty (40) hours per workweek and were entitled to receive overtime wages.

100.    During the relevant time periods, Plaintiffs were not paid one and one-half times their regular hourly work rate for any hours that they worked in excess of 40 per workweek, in violation of the FLSA and NYLL.

101.    Upon information and belief, Defendants regularly fail to pay their employees one and one-half times their regular hourly work rate for any hours that they work in excess of 40 per workweek.

102.    Plaintiffs were and still are entitled to be paid an additional hour's pay at the basic

13

minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

103.    During the relevant time periods, each of the Plaintiffs worked shifts in excess of ten (10) hours per day and were entitled to receive spread of hours wages.

104.    During the relevant time periods, Plaintiffs were not paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL and NYCRR.

105.    Upon information and belief, Defendants regularly fail to pay their employees an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

106.    At all relevant times, each of the Plaintiffs was entitled to be paid all of his or her wages.

107.    At all relevant times, each of the Plaintiffs was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

## COLLECTIVE ACTION ALLEGATIONS

108.    Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

109.    Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

14

110.    Plaintiffs brings the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as pizza makers and cashiers at 2 Bros Pizza, from the period of November 12, 2011 to the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Pizza Makers Collective").

111.    Upon information and belief, the Pizza Makers Collective consists of approximately one hundred (100) similarly situated individuals who have not been paid overtime wages and/or the federal minimum wage and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

112.    Defendants have failed to pay overtime to employees other than those in the Pizza Makers Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

113.    Defendants have failed to pay the federal minimum wage to employees other than those in the Pizza Makers Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

114.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

115.    Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

116.    Plaintiffs brings their state law claims on behalf of themselves and other similarly situated as a representative of a class of all non-exempt laborers employed by Defendants within the six years prior to the filing of this complaint.

117.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiffs seek the certification of a class of all persons who, during the relevant time period of June 19, 2008 to the date of final judgment in this matter, have been employed by Defendants as pizza makers and cashiers at 2 Bros Pizza; were not paid minimum wage, worked overtime as defined by the NYLL; worked shifts in excess of ten (10) hours; were not provided wage payment statements; were not provided with notices of pay rate upon the commencement of their employment since 2011 and annually since 2012 pursuant to the Wage Theft Prevention Act ("WTPA Notices"); and were not paid all of their wages (hereinafter referred to as the "Pizza Makers Class").

118.    Upon information and belief, the Pizza Makers Class includes over one hundred (100) similarly situated individuals who have not been paid minimum wage, overtime wages, spread of hours wages, who have had wages unlawfully deducted, who have not received wage payment statements or WTPA Notices, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

119.    The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

120.    There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

121.    Common questions of law and fact include, but are not limited to, the following:

A. Whether Defendants have consistently failed to pay Plaintiffs and class members the applicable minimum wage as required by the NYLL;

B.  Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

C.  Whether Defendants failed to provide accurate pay stubs to Plaintiffs and other class members during the class period;

D.  Whether Defendants have failed to provide WTPA Notices to their employees as required by New York Law.

E.  Whether Defendants have consistently deducted wages for personal profit in violation of the NYLL;

F.  Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

G.  Whether Defendants have consistently failed to provide wage payment statements as required by New York Law.

122.    Plaintiffs' overtime, minimum wage, spread of hours and Wage Theft Prevention Act claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

123.    Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.

124.    Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

125.    Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

126.    Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

127.    Plaintiffs and members of the Pizza Makers Class and Pizza Makers Collective defined above (collectively, "Pizza Makers Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including without limitation, minimum wage, overtime wages, spread of hours wages and the full amount of wages to which they are entitled.

128.    As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Pizza Makers Group by violating the FLSA and/or the NYLL.

129.    Defendants have substantially benefitted and profited from the work that Plaintiffs and Pizza Makers Group have performed.

18

130.    Defendants failed to keep any records of the hours worked by the Plaintiffs and the Pizza Makers Group.

131.    Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

132.    Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

133.    Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the Pizza Makers Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Minimum Wage under the FLSA)*

134.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

135.    At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq.*

136.    At all relevant times, Plaintiffs and the Pizza Makers Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

137.    At all relevant times, Defendants employed Plaintiffs and the Pizza Makers Collective within the meaning of 29 U.S.C. § 203(g).

138.    At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

139.    As the Defendants shared control of the services of the Plaintiffs and Pizza Makers Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

19

140.    Subject to the statutory time limits, Defendants were required to pay Plaintiffs and the Pizza Makers Collective a rate of $7.25 per hour from November 12, 2011 through present pursuant to 29 U.S.C. § 206(a).

141.    Defendants have engaged in a policy and/or practice of failing to pay Plaintiffs and the Pizza Makers Collective the applicable minimum wage for any of the hours Plaintiffs and the Pizza Makers Collective were required to work.

142.    Defendants have violated 29 U.S.C. § 206(a) by failing to compensate Plaintiffs and the Pizza Makers Collective the applicable minimum hourly wage.

143.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Pizza Makers Collective the required minimum wage, Plaintiffs and the Pizza Makers Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216.

144.    Defendants willfully, knowingly and intentionally have failed to compensate Plaintiffs and Pizza Makers Collective the required minimum wage.

145.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Pizza Makers Collective.

146.    Due to Defendants' intentional and willful failure to pay Plaintiffs and Pizza Makers Collective the applicable minimum wage, the Plaintiffs and Pizza Makers Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

147.    Members of the Pizza Makers Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Minimum Wage under the NYLL)*

148.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

149.    At all relevant times, Plaintiffs and the Pizza Makers Class were employees and Defendants have been employers within the meaning of NYLL §§ 190, 651 and 652.

150.    At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

151.    Subject to the statutory time limits, Defendants were required to pay Plaintiffs and the Pizza Makers Class at least a minimum wage rate of (a) $7.25 per hour for all hours worked from June 19, 2009 through December 31, 2013; and (c) $8.00 per hour from January 1, 2014 through present, pursuant to NYLL § 652.

152.    Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiffs and the Pizza Makers Class the applicable minimum wage for any of the hours they required Plaintiffs and the Pizza Makers Class to work.

153.    Defendants have violated NYLL § 652 by failing to compensate Plaintiffs and the Pizza Makers Class the applicable minimum hourly wage.

154.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and Pizza Makers Class the required minimum wage, Plaintiffs and the Pizza Makers Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

155.    Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiffs and Pizza Makers Class the required minimum wage.

156.    Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the Pizza Makers Class.

157.    Due to Defendants' intentional and willful failure to pay Plaintiffs and Pizza Makers Class the applicable minimum wage, Plaintiffs and the Pizza Makers Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the FLSA)*

158.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

159.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*

160.    Defendants expected Plaintiffs and Pizza Makers Collective to work more than forty (40) hours a week, and Plaintiffs and the Pizza Makers Collective regularly worked more than forty (40) hours a week throughout their employment.

161.    At no time have the Defendants paid Plaintiffs and the Pizza Makers Collective a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

162.    Defendants willfully, knowingly and intentionally did not, and continue not to, compensate Plaintiffs and the Pizza Makers Collective for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

163.    As a result of Defendants' violations of the law and failures to pay Plaintiffs required overtime wages, Plaintiffs and Pizza Makers Collective have been damaged and are

entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

164.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and Pizza Makers Collective was in compliance with the law, Plaintiffs and the Pizza Makers Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

165.    Members of the Pizza Makers Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime under the NYLL)*

166.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

167.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

168.    Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

169.    Defendants expected Plaintiffs and the Pizza Makers Class to work more than forty (40) hours a week, and Plaintiffs and the Pizza Makers Class regularly worked more than forty (40) hours a week throughout their employment.

170.    At no time have the Defendants paid Plaintiffs and the Pizza Makers Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty

(40) hours per week.

171.    Defendants willfully, knowingly and intentionally have not, and continue not to, compensate Plaintiffs and the Pizza Makers Class for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

172.    As a result of Defendants' violations of the law and failures to pay Plaintiffs and the Pizza Makers Class required regular and overtime wages, Plaintiffs and the Pizza Makers Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

173.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Pizza Makers Class was in compliance with the law, Plaintiffs and the Pizza Makers Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

### AS AND FOR THE FIFTH CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

174.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

175.    At all relevant times, Plaintiffs and the Pizza Makers Class were and still are required to work in excess of ten (10) hours in a workday.

176.    Plaintiffs and the Pizza Makers Class were and still are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, pursuant to the NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

177.    Defendants failed to pay Plaintiffs and the Pizza Makers Class the spread of hour wages to which they were entitled under NYLL.

178.    Plaintiffs and the Pizza Makers Class were and still are entitled to be paid all of their earned wages.

179.    Defendants' failure to pay Plaintiffs and the Pizza Makers Class their lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

180.    Pursuant to NYLL § 198, Plaintiffs and the Pizza Makers Class are entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorney's fees, and costs and disbursements of this action.

## AS AND FOR THE SIXTH CAUSE OF ACTION

*(Wage Theft Prevention Act Notification Under the NYLL § 195(3))*

181.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

182.    Defendants made deductions from Plaintiffs and other Pizza Makers Class members' wages, which were purportedly for the payment of taxes.

183.    Defendants retained those deducted wages for themselves.

184.    Defendants failed to provide advance notice and written authorization for these deductions.

185.    These deductions were unlawful in violation of NYLL § 193.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

*(Wage Theft Prevention Act Notification Under the NYLL § 195(3))*

186.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

187.    Defendants were obligated to provide Plaintiffs and the Pizza Makers Class with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment since 2011 and annually from 2012-2014.

188.    At all relevant times, Defendants failed to provide Plaintiffs and the Pizza Makers Class with the Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

189.    As Defendants failed to provide Plaintiffs and the Pizza Makers Class with proper Wage Theft Prevention Act Notices, annually from 2012 to 2014 and upon the commencement of their employment from 20011 to the present as required by NYLL § 195, Plaintiffs are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
### (Wage Payment Statements under the NYLL)

190.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

191.    At all relevant times, Defendants failed to provide Plaintiffs and the Pizza Makers Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

192.    As Defendants failed to provide Plaintiffs and the Pizza Makers Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request, pursuant to FRCP 38(b), a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, seek the following relief:

A.  That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Pizza Makers Collective. Such notice shall inform the Pizza Makers Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B.  Certification of the Pizza Makers Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiffs as class representatives; designation of Plaintiffs' counsel as class counsel; and a reasonable incentive payment to Plaintiffs;

C.  On the First Cause of Action on behalf of Plaintiffs and Pizza Makers Collective members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Second Cause of Action on behalf of Plaintiffs and Pizza Class Makers Members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Third Cause of Action on behalf of Plaintiffs and Pizza Makers Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent

of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.  On the Fourth Cause of Action on behalf of Plaintiffs and Pizza Makers Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.  On the Fifth Cause of Action on behalf of Plaintiffs and Pizza Makers Class Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H.  On the Sixth Cause of Action on behalf of Plaintiffs and Pizza Makers Class Members against Defendants, for all wages unlawfully deducted, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

I.  On the Seventh Cause of Action on behalf of Plaintiffs and Pizza Makers Members against Defendants for failing to provide WTPA Notices, liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

J.  On the Eighth Cause of Action on behalf of Plaintiffs and Pizza Makers Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $100.00 per week for every work week in which the

28

violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

K. Interest;

L. Costs and disbursements; and

M. Such other and further relief as is just and proper.

Dated: New York, New York
      June 19, 2015

Respectfully submitted,

By: ___/s/_____
Adam Slater, Esq.
SLATER SLATER SCHULMAN LLP
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 334
Melville, NY 11747
(631) 420-9300


Christopher Marlborough, Esq. (CM6107)
THE MARLBOROUGH LAW FIRM, P.C.
Attorneys Plaintiffs, Co-Counsel
445 Broad Hollow Road, Suite 400
Melville, NY 11747
(212) 991-8960

29