UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN ACA, et al.,

Plaintiffs,

-against-                                      Civil Action No. 15-cv-04784

ELI HALALI,  et al.,

Defendants.

RAMON FLORES-ALTAMIRANO,  et al.,

Plaintiffs,

-against-                                      Civil Action No. 15-cv-04777

YEHOSHUA HALALI  et al.,

Defendants.

## AFFIDAVIT OF PLAINTIFFS' COUNSEL

JONATHAN E. SCHULMAN, an attorney duly admitted to practice law in the Southern
District of New York, states as follows:

1. I am an attorney at Slater Slater Schulman LLP, which represents Plaintiffs as co-counsel

   in civil case number 15-04784.

2. I submit this affidavit in response to Judge Pitman's April 22, 2016 Order that Plaintiffs'

   explain how the parties calculated the plaintiffs' respective shares of the total settlement

   amount in the settlement agreement submitted to the Court, described below.

3. Annexed hereto as Exhibit A is the fully executed Settlement Agreement ("Settlement

   Agreement") between the parties in the above-related actions between thirty current or

   former employees of Defendants' pizza chain restaurants and the Defendants, as was

   submitted to Judge Pitman's Chambers in February 2016.

4. Schedule A to the Settlement Agreement ("Schedule A") sets forth the respective

   amounts to be paid to each Plaintiff under said agreement.

5.  Schedule A was based on calculations set forth in the spreadsheet attached hereto as Exhibit B ("Spreadsheet").

6.  Plaintiffs' counsel compiled the information in the Spreadsheet based on information received from their respective Plaintiffs, including: (1) dates of employment; (2) weekly schedules and hours worked; and (3) wage rates received.

7.  Plaintiffs' counsel compared each individual Plaintiff's claimed damages with the total damages sustained by all Plaintiffs to calculate each Plaintiff's respective percentage of damages owed to him or her.  Said percentages are set forth in the Spreadsheet.

8.  As these percentages were invariably estimates based on employees' best recollections (as time and payroll records were and are not available), Plaintiffs' counsel used "tiers" that would take into account each Plaintiff's respective percentage of the damages.

9.  Each "tier" was chosen to best approximate each Plaintiff's percentage of the total, so that those Plaintiffs with similar damages are to be distributed the same amount; Plaintiffs' counsel, with Plaintiffs' consent (as described below), believe this approach to be equitable and a fair way to avoid giving undue weight to slightly inaccurate dates of employment, hours worked per week, hourly wages, sick or vacation days taken, etc.

10. Slater Slater Schulman LLP reviewed these proposed amounts with Slater Slater Schulman LLP's clients prior to their execution of the Settlement Agreement, and said Plaintiffs agreed to the amounts set forth in Schedule A.

11. Plaintiffs' counsel in civil case number 15-04784, Brett M. Schatz, has represented to the undersigned that his firm reviewed these proposed amounts with his clients prior to their execution of the Settlement Agreement, and said Plaintiffs agreed to the amounts set forth in Schedule A.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.  This declaration is executed on the 4th day of May, 2016, in New York, New York.

Jonathan E. Schulman (JS-1949)
Slater Slater Schulman LLP
445 Broad Hollow Road, Sutie 334
Melville, NY 11747
Telephone: (212) 922-0906
Facsimile:  (212) 922-0907
jschulman@sssfirm.com
*Co-Counsel for Plaintiffs*

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

On this 4th day of May 2016 before me personally came Jonathan Schulman to me known and known to me to be the person described and who executed the foregoing Affidavit and he duly acknowledge to me that he executed the same.

_____
Notary Public

SIMON SHIMONOV
Notary Public, State of New York
No. 01SH6336774
Qualified in Queens County
Commission Expires February 08, 2020

Reorder No. 5105
JULIUS BLUMBERG, INC.
NYC 10013
@10% P.C.W.

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER

This Settlement Agreement, General Release and Waiver ("Agreement"), made this __ day of January, 2016, by and between Ruben Aca, Ronald Alor, Manuel Ayala-Garcia, Gabriel Bailon, Daniel Bonola, Mirna Flores, Ramon Flores-Altamarino, Fausto Mendez Garcia, Francisco Gil-Castillo, Thomas Gil-Castillo, Jose Gonzales, Christian Ortiz, Luis Medina, Juan Mendez, Tranquilino Molina, Manuel Efren Paredez-Rojano, Anibal Polanco, Arturo Ramirez, Daniel Reyes, Jorge Reyes Ramirez, Arnulfo Rivera Andrade, Sergio Romero Dorado, Luciano Rosas, Roberto Campos-Vazques, Daniel Bravo, Wagner Alifanso, Israel Clemente, Alvaro Dector, Franklin Madrid, and Jose Victoria (collectively "Plaintiffs" and each individually a "Plaintiff") on the one hand and Eli Halali, Oren Halali, Yehoshua Halali, Daniel Moshkovich, 2 Bros Harlem Inc., 2 Bros Harlem 2, Inc., 2 Bros 1015 Inc., 2 Bros. Fordham Inc., 2 Bros 6th Ave. Inc., 2 Bros. 8th Ave Inc., 2 Bros 9th Ave. Inc., 2 Bros Flatbush Inc., 2 Bros. 1 St Ave. Inc., 2 Bros. 319 Inc., 2 Bros. W. 25 Inc. and 2 Bros. W. 46 Inc. (collectively, "Defendants" or "2 Bros," and each corporate entity individually identified as a "2 Bros. Entity" and collectively "2 Bros. Entities") on the other hand.

### WITNESSETH:

**WHEREAS**, the Plaintiffs have made allegations, *inter alia*, claims pursuant to federal and state law, including, but not limited to claims relating to wage and hour violations while working at 2 Bros, as set forth in the amended complaints filed September 8, 2015 and August 25, 2015, each filed in the Southern District of New York, Case Nos. 15 cv 4784 and 15 cv 4777 respectively (collectively the "Lawsuit");

**WHEREAS**, 2 Bros disputes the issues of liability and damages claimed in the Lawsuit;

**WHEREAS**, Plaintiffs and 2 Bros (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims, including but not limited to the claims set forth in the Complaint, that may exist between them ("Claims");

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.     **Settlement**.

       A.     2 Bros shall cause to be delivered, in full and final settlement of the Claims, the aggregate sum of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Settlement Sum"), less applicable withholdings, made payable in the amounts attached hereto as Schedule A. The Settlement Sum shall be delivered on the later of: (i) ten (10) business days following an order of the Court approving the within settlement, and (ii) March 31, 2016.

       B.     Plaintiffs acknowledge and agree that, upon payment in full of the Settlement Sum, Plaintiffs are not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from 2 Bros, or any of its affiliates, predecessors, successors, agents, members or employees and that no representations or promises to the contrary have been made by or on behalf of 2 Bros to Plaintiffs.

C.    Plaintiffs further acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) 2 Bros is providing no tax, accounting or legal advice to Plaintiffs, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their respective individual tax obligations, including, without limitation, all federal, state and local taxes and Plaintiffs shall not seek any indemnification from 2 Bros with respect thereto; (iv) Plaintiffs have been advised that 2 Bros must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms W-2 and 1099, as appropriate, and (v) Plaintiffs shall cooperate and provide information to 2 Bros, as reasonably necessary, to allow 2 Bros to comply with all applicable federal, state and local tax laws.  As such, Plaintiffs shall provide 2 Bros with signed IRS Forms W4 and W9 simultaneously with execution and delivery of this Agreement.

D.    The payments shall be made as follows:

i.    If a Plaintiff's portion of the Settlement Sum, net of attorneys' fees, shall be less than $2,500, 2 Bros shall pay said amount without deduction and issue an IRS form 1099 to said Plaintiff.  It is intended that said amount shall be payment for liquidated damages owed pursuant to the New York Wage Theft Prevention Act.

ii.    If a Plaintiff's portion of the Settlement Sum, net of attorneys' fees, shall be greater than $2,500, 2 Bros shall pay to the Plaintiff (a) an amount equal to $2,500 plus 50% of the remaining amount due said Plaintiff without deduction, and shall issue an IRS form 1099 for said portion, and (b) the remaining amount, less applicable deductions, and shall issue an IRS Form W-2 for said portion.  For purposes of clarification, subsection (a) herein is intended to be payment for liquidated damages owed pursuant to the New York Wage Theft Prevention Act and NYLL, and subsection (b) herein is intended to compensate Plaintiff for his claim for wage income.

iii.    Legal fees for Plaintiffs' counsel in both actions, Slater Slater Schulman LLP, The Marlborough Law Firm, P.C. and the Law Office Brett M. Schatz PC, shall be one-third of the Settlement Sum, plus costs. Payments shall be made as follows:

1.    To "Slater Slater Schulman LLP", on behalf of Slater Slater Schulman LLP and The Marlborough Law Firm, P.C., a check in the amount of $47,733.33.

2.    To "Law Office of Brett M. Schatz PC", a check in the amount of $36,400.00.

All amounts paid to Plaintiffs' counsel set forth above shall be taxable solely to said Plaintiffs' counsel, and 2 Bros shall accordingly issue an IRS forms 1099 accordingly.

**2.    Attorneys' Fees**. The Parties agree that the Settlement Sum is intended to compensate Plaintiffs in full for their claims, and the attorneys' fees amounts set forth in Paragraph 1 (D) (iii) are intended to resolve any claims to legal fees that Plaintiffs' counsel may be due under the Fair Labor Standards Act and/or the New York Labor Law.

**3.    Dismissal**. For and in consideration of the Settlement Sum detailed in paragraph 1(A) of this Agreement, which Plaintiffs acknowledge to be sufficient consideration to support this Agreement, Plaintiffs shall secure the dismissal of all complaints, suits, actions, charges, claims, and/or proceedings they, individually or collectively, have instituted against Defendants, including, but not limited to the Lawsuit. Plaintiffs hereby warrant that they have not filed or caused to be filed, and are not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than the Lawsuit, which they agree to dismiss with prejudice. To that end, Plaintiffs will cooperate with Defendants as required in ensuring the dismissal of the Lawsuit with prejudice. A stipulation of discontinuance with prejudice shall be submitted by the parties to the Court along with this agreement in the form attached hereto as Schedule B to be So Ordered by the Court.

**4.    No Admissions**. This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Plaintiffs, and 2 Bros expressly deny any such violation or liability. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

**5.    Release**. Upon the payment in full of the Settlement Sum hereunder, Plaintiffs, with the intention of binding Plaintiffs, their heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, shall irrevocably and unconditionally release, waive and forever discharge 2 Bros from, and hereby acknowledge full accord and satisfaction of, any and all actions, causes of action, claims, complaints, demands, damages, rights, remedies and liabilities of whatsoever kind or character (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), past or present, whether known or unknown, asserted or unasserted, that they have ever had, may now have, or may later assert against 2 Bros by reason of any act, omission, transaction, agreement or occurrence, that Plaintiffs ever had, now have or hereafter may have against 2 Bros up to and including the date of the execution of this Agreement, including, without limitation, the Claims. Plaintiffs represent that they do not have knowledge of any further causes of action or claims that they possess against 2 Bros through the date of this Agreement.

Without limiting the generality of the foregoing, upon payment in full of the Settlement Sum, Plaintiffs release and forever discharge 2 Bros from:

A.    all claims of employment discrimination, harassment or retaliation under any federal, state or local statute or ordinance, public policy or common law, including, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Fair Labor Standards Act, the Sarbanes-Oxley Act, the Family & Medical Leave Act, the New York State and New York City Human Rights Laws, the New York Labor

Law, the New York Worker Adjustment and Retraining Notification Act, the New York Constitution, and as such laws have been amended;

               **B.**    all contract and quasi-contract claims, claims for promissory estoppel or detrimental reliance, claims for wages, gratuities, bonuses, incentive compensation, and severance allowances or entitlements;

               **C.**    all claims for employee benefits, including, without limitation, any and all claims under the Plaintiff Retirement Income Security Act of 1974, as amended;

               **D.**    all claims for fraud, slander, libel, defamation, disparagement, negligent or intentional infliction of emotional distress, personal injury, prima facie tort, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever; and

               **E.**    all claims for monetary recovery, including, without limitation, attorneys' fees, costs and disbursements and the like.

Plaintiffs agree that they will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by Plaintiffs in this paragraph.

This Agreement and any release and discharge contained in this Paragraph 5 shall also apply to 2 Bros' insurers, their past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, affiliates, partners, members, shareholders, owners, predecessors and successors in interest and assigns.

       **6.**    **Press Contacts/Publicity.**  The Parties, their lawyers and their agents shall not contact the press or general media regarding the Lawsuit, or this Agreement. As used herein, "the press or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing. The Parties and their lawyers may return phone calls or otherwise respond to any inquiries they receive directly from the press or general media, but in doing so will only advise of the existence of this provision, that the parties have resolved the matter to their mutual satisfaction, and direct the requesting party to the Court file without providing any further information. This provision shall not preclude Defendants from making announcements and/or disclosure required by law.

       **7.**    **Non-Disparagement.**  The parties agree that they will not, directly or indirectly, disparage or criticize the other party, or encourage, induce or permit others to disparage the other party. For the purposes of this Agreement, "disparage" includes, without limitation, (1) comments or statements (written or otherwise) to any person or entity, including, without limitation, to the press and/or media, employees, partners or principals of 2 Bros or any entity with which 2 Bros has a business relationship, which is intended to or could reasonably be expected to be inconsistent with or injurious to the interests or the reputation of 2 Bros or cause embarrassment or humiliation or otherwise cause or contribute to their being held in disrepute, and (2) comments or statements (written or otherwise) to any person or entity, including, without limitation, to any employer or prospective employer of each Plaintiff that may cause embarrassment or humiliation or otherwise cause or contribute to said Plaintiff being held in disrepute. A breach of this provision of this Agreement by Plaintiffs shall be deemed a material violation of this Agreement.

8.    <u>Neutral Reference</u>.    In response to any request for a reference regarding a Plaintiff's employment with 2 Bros, 2 Bros shall provide only the dates of said Plaintiff's employment and position with 2 Bros.

9.    <u>No Assist</u>. **Plaintiffs represent and agree that they have not and shall not voluntarily initiate or take any action to support, encourage or participate in any action or proceeding or attempted action or proceeding which names, or may in any way damage the reputation of 2 Bros, 2 Bros' agents, servants, representatives, employees, affiliates, parents, subsidiaries, partners, members, predecessors, successors in interest, assigns, shareholders, directors, or officers.    If Plaintiffs are ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit or administrative proceeding which refers or relates to 2 Bros, Plaintiffs are not barred from revealing factual information they may be asked, but may not volunteer in any way to participate in any such lawsuit. It is understood and agreed that notice of receipt by Plaintiffs of any such judicial or agency order, inquiry or subpoena shall immediately be communicated by Plaintiffs to counsel for 2 Bros telephonically, and then confirmed immediately thereafter in writing, so that 2 Bros will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.**

**Plaintiffs represent and warrant that they are not aware of any other former independent contractors or employees of 2 Bros that intend to, or are in the process of, or are considering asserting any legal claims against 2 Bros or their affiliates of any nature whatsoever.**

10.    <u>Agreement Not to Sue</u>. **Provided that 2 Bros shall not be in default hereunder, Plaintiffs represent and agree that they shall not commence any action or proceeding to assert any claim released by Plaintiffs in Paragraph 5 or to commence any action or proceeding seeking to declare the provisions of Paragraph 5 herein illegal, void or unenforceable for any reason.    To the extent that any Plaintiff is awarded any amounts in any action or proceeding against 2 Bros in connection with any and all claims released by Plaintiffs in Paragraph 5 herein, that Plaintiff shall immediately assign and transfer the entirety of such award to 2 Bros.**

11.    <u>Forfeiture</u>.    In the event that any Plaintiff is in material breach of this Agreement, including but not limited to a material breach of Paragraphs 6, 7, 9 or 10, such Plaintiff shall forfeit the amount of the Settlement Sum allocated to that Plaintiff pursuant to Paragraph 1(a) and <u>Schedule A</u>.    2 Bros shall not be barred from seeking additional damages or relief above and beyond the Settlement Sum.    The prevailing party, as determined by a court of competent jurisdiction or other neutral as agreed upon by the parties, of any dispute in connection with enforcement of the terms of this Agreement shall be entitled to recovery from the non-prevailing party costs, including reasonable attorneys' fees, incurred in connection with enforcement of the terms of this Agreement.

12.    <u>Lack of Duress</u>.    The Parties represent and warrant that they have all read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

13.    <u>No Representations</u>.    The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

14.    <u>Review and Revocation</u>.

A.    The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

B.    Plaintiffs acknowledge that before signing this Agreement, they were given at least twenty-one (21) days in which to review and consider it; Plaintiffs have, in fact, carefully reviewed this Agreement; and Plaintiffs are entering into it voluntarily and of their own free will. Further, Plaintiffs acknowledge that if Plaintiffs execute this Agreement before the end of the twenty-one (21) day period, such early execution was completely voluntary, and Plaintiffs had reasonable and ample time in which to review this Agreement.

C.    Plaintiffs agree that, for a period of seven (7) days after they all sign this Agreement, Plaintiffs have the right to revoke it by providing notice, in writing, by Federal Express or other overnight delivery service, or by certified mail, return receipt requested, to counsel for 2 Bros. This Agreement will not become fully effective and enforceable until after the expiration of the seven-day revocation period and, in the event that any disbursement of any portion of the Settlement Sum has been made, Plaintiffs and Plaintiffs' counsel shall immediately return any and all such distribution of the Settlement Sum. Any attempted revocation not actually received by counsel for 2 Bros prior to the revocation deadline will not be effective.

D.    Plaintiffs understand that their acceptance of any portion of the Settlement Sum at any time after they sign this Agreement confirms that they did not revoke their assent to this Agreement and, therefore, that it is fully effective and enforceable.

15.    <u>Warranty of Capacity to Execute Agreement</u>.    The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiffs have the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

16.    <u>Entire Agreement</u>.    This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in

connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

     **17.**   **Severability.**  If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if Paragraph 5 above is held to be illegal, void or unenforceable, Plaintiffs agree to promptly execute valid general releases and waivers in favor of 2 Bros.

     **18.**   **Counterparts.**  This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument.  Facsimile or scan copies of signatures shall be deemed originals.

     **19.**   **Governing Law.**  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions.  Any action or proceeding between the Parties shall be commenced only in the state or federal courts located in the State of New York, and Plaintiffs and Defendants hereby submit to the exclusive jurisdiction of the state or federal courts located in the City, County and State of New York.

     **20.**   **Successors and Assigns.**  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

     **21.**   **Assignment.**  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that 2 Bros may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of 2 Bros, whether by merger, consolidation, sale of assets or otherwise, and reference herein to 2 Bros shall be deemed to include any such successor or successors; provided that no assignment by 2 Bros made pursuant to this paragraph shall release 2 Bros or any 2 Bros. Entity from any obligation(s) hereunder. The obligations of Plaintiffs hereunder shall be binding upon Plaintiffs.

     **22.**   **Waiver.**  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

     **23.**   **Contract Headings.**  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

24.   **Miscellaneous Provisions**.

    a.    The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b.    Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

25.   **Notices**.  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff or Plaintiffs:

        To the Address Set Forth on <u>Schedule C</u> Beside Said Plaintiff's Name, with copies to:

        SLATER SLATER SCHULMAN LLP
        909 Third Avenue, 28th Floor
        New York, NY 10022
        Attn:  Adam P. Slater, Esq.

and

        THE MARLBOROUGH LAW FIRM, P.C.
        445 Broad Hollow Road, Suite 400
        Melville, NY 11747
        Attn: Christopher Marlborough

and

        LAW OFFICE OF BRETT M. SCHATZ PC
        1345 Avenue of the Americas
        Second Floor
        New York, NY 10105
        Attn: Brett Schatz, Esq.

If to 2 Bros:

        2 Bros. Pizza
        45 W 34th Street Suite #805
        New York, NY 10001
        Attn: Eli Halali

        with a copy to:

MEISTER SEELIG & FEIN LLP
125 Park Ave., 7th Floor
New York, NY 10017
Attn: Howard Davis, Esq.

**[Remainder of page intentionally left blank.]**

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

_____
Ruben Aca


STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

On this 10 day of January 2016 before me personally came Ruben Aca to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

NOTARY PUBLIC - STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 2016


_____
Ronald Alor


STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

On this ____ day of January 2016 before me personally came Ronald Alor to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**WHEREFORE**, the Parties have caused this Agreement to be signed as of the day and date first above written.

_____

Ruben Aca

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK  )

On this ___ day of January 2016 before me personally came Ruben Aca to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____

Notary Public

_____

Ronald Alor

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK  )

On this 3rd day of January 2016 before me personally came Ronald Alor to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____

Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

_____

Manuel Ayala-Garcia


STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK  )

On this 3rd day of ~~January~~ February 2016 before me personally came Manuel Ayala-Garcia to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.


_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York


_____

Gabriel Bailon


STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK  )

On this ____ day of January 2016 before me personally came Gabriel Bailon to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.


_____
Notary Public


[6459-003/4867927/1]                    11

_____

Manuel Ayala-Garcia

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

On this ___ day of January 2016 before me personally came Manuel Ayala-Garcia to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____

Notary Public

_____

Gabriel Bailon

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

On this 29 day of January 2016 before me personally came Gabriel Bailon to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____

Notary Public

JONATHAN E. SCHULMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 2016

_____
Daniel Bonola

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

On this 27 day of January 2016 before me personally came Daniel Bonola, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**


Mirna Flores
_____
Mirna Flores

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

On this 3λ day of ~~January~~ February 2016 before me personally came Mirna Flores, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**



Ramon Flores-Altamarino

STATE OF NEW YORK   )
                            ) ss:
COUNTY OF NEW YORK  )

On this 27 day of January 2016 before me personally came Ramon Flores-Altamarino, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**

_____
Fausto Mendez Garcia

STATE OF NEW YORK   )
                            ) ss:
COUNTY OF NEW YORK  )

On this 27 day of January 2016 before me personally came Fausto Mendez Garcia, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**

_____

Francisco Gil-Castillo

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NEW YORK )

    On this 27 day of January 2016 before me personally came Francisco Gil-Castillo, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

                            **Brett M. Schatz**
                      **Notary Public State of New York**
                             **LIC.# 02SC6186851**
                             **Comm. Exp: 05/12/2016**
                           **Commission in New York**

_____
Thomas Gil-Castillo

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NEW YORK )

    On this 27 day of January 2016 before me personally came Thomas Gil-Castillo, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

                            **Brett M. Schatz**
                      **Notary Public State of New York**
                             **LIC.# 02SC6186851**
                             **Comm. Exp: 05/12/2016**
                             **Commission in New York**

_____
Jose Gonzales

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

    On this 27 day of January 2016 before me personally came Jose Gonzales, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

_____
Christian Ortiz
CRISTIAN

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

    On this 27 day of January 2016 before me personally came Christian Ortiz, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York



_____

Luis Medina

STATE OF NEW YORK ）
                 ） ss:
COUNTY OF NEW YORK ）

    On this 8 day of ~~January~~ February 2016 before me personally came Luis Medina, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

        JONATHAN E. SCHULMAN
    NOTARY PUBLIC-STATE OF NEW YORK
        No. 02SC6255197
       Qualified in Suffolk County
  My Commission Expires January 30, 2016

_____

Juan Mendez

STATE OF NEW YORK ）
                 ） ss:
COUNTY OF NEW YORK ）

    On this ___ day of January 2016 before me personally came Juan Mendez, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

_____
Luis Medina

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

     On this ___ day of January 2016 before me personally came Luis Medina, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.


_____
Notary Public


_____
Juan Mendez

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

     On this 3rd day of February 2016 before me personally came Juan Mendez, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.


_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**

[6459-003/4867927/1]                    16

_____

Tranquilino Molina

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

On this 27 day of January 2016 before me personally came Tranquilino Molina, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

> **Brett M. Schatz**
> **Notary Public State of New York**
> **LIC.# 02SC6186851**
> **Comm. Exp: 05/12/2016**
> **Commission in New York**

_____

Manuel Efren Paredez-Rojano

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

On this 2nd day of February 2016 before me personally came Manuel Efren Paredez-Rojano, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

> **Brett M. Schatz**
> **Notary Public State of New York**
> **LIC.# 02SC6186851**
> **Comm. Exp: 05/12/2016**
> **Commission in New York**

_Anibal Polanco_

Anibal Polanco

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

On this 27 day of January 2016 before me personally came Anibal Polanco, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

JONATHAN E. SCHULMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 2016

_____
Notary Public


_____
Arturo Ramirez

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

On this ___ day of January 2016 before me personally came Arturo Ramirez, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.


_____
Notary Public

_____
Anibal Polanco

STATE OF NEW YORK    )
                        ) ss:
COUNTY OF NEW YORK  )

     On this ___ day of January 2016 before me personally came Anibal Polanco, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

_____
Arturo Ramirez

STATE OF NEW YORK    )
                        ) ss:
COUNTY OF NEW YORK  )

     On this 3rd day of February 2016 before me personally came Arturo Ramirez, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

_Daniel Reyes_ (signature)

Daniel Reyes

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

On this 3rd day of Feb 2016 before me personally came Daniel Reyes, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**

_Jorge Reyes Ramirez_ (signature)

Jorge Reyes Ramirez

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

On this 3rd day of Feb 2016 before me personally came Jorge Reyes Ramirez, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2016**
**Commission in New York**

_____

Arnulfo Rivera Andrade

STATE OF NEW YORK    )
                     ) ss:

COUNTY OF NEW YORK  )

      On this 27 day of January 2016 before me personally came Arnulfo Rivera Andrade, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

_____

Sergio Romero Dorado

STATE OF NEW YORK    )
                     ) ss:

COUNTY OF NEW YORK  )

      On this 2^λ day of January 2016 before me personally came Sergio Romero Dorado, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

_Luciano Rosas_
Luciano Rosas

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF NEW YORK  )

On this 3½ day of January 2016 before me personally came Luciano Rosas, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_Brett_
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

_Roberto C.V._
Roberto Campos-Vazques

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF NEW YORK  )

On this 27 day of January 2016 before me personally came Roberto Campos-Vazques, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_Brett_
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2016
Commission in New York

[6459-003/4867927/1]             21

_(signature)_

Daniel Bravo

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK   )

February

On this _3_ day of ~~January~~ 2016 before me personally came Daniel Bravo, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_(signature)_

Notary Public

JONATHAN E. SCHULMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 2016

_(signature)_ Wagner Alifonso

Wagner Alifanso

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK   )

On this _29_ day of January 2016 before me personally came Wagner Alifanso, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

_(signature)_

Notary Public

JONATHAN E. SCHULMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 2016

Israel Clemente

STATE OF NEW YORK   )
                   ) ss:
COUNTY OF NEW YORK  )

     On this _29_ day of January 2016 before me personally came Israel Clemente, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

Notary Public

NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 30??

Alvaro Dector

STATE OF NEW YORK   )
                   ) ss:
COUNTY OF NEW YORK  )

     On this _29_ day of January 2016 before me personally came Alvaro Dector, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

Notary Public

ADAM P. SLATER
Notary Public, State of New York
No. 02SL6138714
Qualified in New York County
Commission Expires April 23, 2016

_Franklin Madrid_

Franklin Madrid

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

    On this 2ƍ day of January 2016 before me personally came Franklin Madrid, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

Notary Public

JONATHAN E. SCHULMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC6255197
Qualified in Suffolk County
My Commission Expires January 30, 2016

Jose Victoria

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

    On this _l_ day of February 2016 before me personally came Jose Victoria, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledge to me that he executed the same.

Notary Public

ADAM P. SLATER
Notary Public, State of New York
No. 02SL6138714
Qualified in New York County
Commission Expires April 23, 2018

**2 Bros Harlem Inc.**

By: _____
Yehoshua Halali, President


**2 Bros Harlem 2, Inc.**

By: _____
Yehoshua Halali, President


**2 Bros 1015 Inc.**

By: _____
Yehoshua Halali, President


**2 Bros. Fordham Inc.**

By: _____
Yehoshua Halali, President


**2 Bros 6th Ave. Inc.**

By: _____
Yehoshua Halali, President


[6459-003/4867927/1]    25

**2 Bros. 8th Ave Inc.**

By: _____
   Yehoshua Halali, President

**2 Bros 9th Ave. Inc.**

By: _____
   Yehoshua Halali, President

**2 Bros Flatbush Inc.**

By: _____
   Yehoshua Halali, President

**2 Bros. 1 St Ave. Inc.**

By: _____
   Yehoshua Halali, President

**2 Bros. 319 Inc.**

By: _____
   Yehoshua Halali, President

**2 Bros. W. 25 Inc.**

By: _____
   Yehoshua Halali, President

[6459-003/4867927/1]                    26

2 Bros. W. 46 Inc.

By: _____
Yehoshua Halali, President

_____
Eli Halali

_____
Oren Halali

_____
Yehoshua Halali

_____
Daniel Moshkovich

Agreed solely with respect to Paragraphs 1(D)(iii), 6 and Schedule A of the above Agreement

_____
Adam Slater, Esq.
SLATER SLATER SCHULMAN LLP
909 Third Avenue, 28th Floor
New York, NY 10022
*Attorneys For Plaintiffs in 15 cv 4784*


Agreed solely with respect to Paragraphs  1(D)(iii),  6 and Schedule A of the above Agreement


_____
Christopher Marlborough
THE MARLBOROUGH LAW FIRM, P.C.
445 Broad Hollow Road, Suite 400
Melville, NY 11747
*Attorneys For Plaintiffs in 15 cv 4784*


Agreed solely with respect to Paragraphs 1(D)(iii),  6 and Schedule A of the above Agreement


_____
Brett Schatz, Esq.
LAW OFFICE OF BRETT M. SCHATZ PC
1345 Avenue of the Americas
Second Floor
New York, NY 10105
*Attorneys For Plaintiffs in 15 cv 4777*


[6459-003/4867927/1]                    28

Agreed solely with respect to Paragraphs 1(D)(iii), 6 and Schedule A of the above Agreement

_____

Adam Slater, Esq.
SLATER SLATER SCHULMAN LLP
909 Third Avenue, 28th Floor
New York, NY 10022
*Attorneys For Plaintiffs in 15 cv 4784*

Agreed solely with respect to Paragraphs  1(D)(iii),  6 and Schedule A of the above Agreement

_____

Christopher Marlborough
THE MARLBOROUGH LAW FIRM, P.C.
445 Broad Hollow Road, Suite 400
Melville, NY 11747
*Attorneys For Plaintiffs in 15 cv 4784*

Agreed solely with respect to Paragraphs 1(D)(iii),  6 and Schedule A of the above Agreement

_____

Brett Schatz, Esq.
LAW OFFICE OF BRETT M. SCHATZ PC
1345 Avenue of the Americas
Second Floor
New York, NY 10105
*Attorneys For Plaintiffs in 15 cv 4777*

Agreed solely with respect to Paragraphs 1(D)(iii), 6 and Schedule A of the above Agreement

_____

Adam Slater, Esq.
SLATER SLATER SCHULMAN LLP
909 Third Avenue, 28th Floor
New York, NY 10022
*Attorneys For Plaintiffs in 15 cv 4784*

Agreed solely with respect to Paragraphs 1(D)(iii), 6 and Schedule A of the above Agreement

_____

Christopher Marlborough
THE MARLBOROUGH LAW FIRM, P.C.
445 Broad Hollow Road, Suite 400
Melville, NY 11747
*Attorneys For Plaintiffs in 15 cv 4784*

Agreed solely with respect to Paragraphs 1(D)(iii), 6 and Schedule A of the above Agreement

_____

Brett Schatz, Esq.
LAW OFFICE OF BRETT M. SCHATZ PC
1345 Avenue of the Americas
Second Floor
New York, NY 10105
*Attorneys For Plaintiffs in 15 cv 4777*

**SCHEDULE A**

Pursuant to Paragraph 1 in the Settlement Agreement, General Release and Waiver to which this Schedule is appended, 2 Bros shall pay the Plaintiffs the amounts set forth below:

| Name | Gross Settlement Amount | Less: Attorney Fees | Less: Expenses | Net Settlement Amount | 1099 Portion | W2 Portion |
|---|---|---|---|---|---|---|
| Aca.Ruben | $4,500.00 | $1,500.00 | $14.40 | $2,985.60 | $2,742.80 | $242.80 |
| Alifonso.Wagner | $1,800.00 | $600.00 | $5.76 | $1,194.24 | $1,194.24 | $0.00 |
| Alor.Ronald | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Ayala-Garcia.Manuel | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Bailon.Gabriel | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Bonola.Daniel | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Bravo.Daniel | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Clemente.Israel | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Dector.Alvaro | $7,800.00 | $2,600.00 | $24.96 | $5,175.04 | $3,837.52 | $1,337.52 |
| Flores.Mirna | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Flores-Altamarino.Ramon | $1,800.00 | $600.00 | $5.76 | $1,194.24 | $1,194.24 | $0.00 |
| Garcia.Fausto | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Gil-Castillo.Francisco | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Gil-Castillo.Thomas | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Gonzales.Jose | $3,600.00 | $1,200.00 | $11.52 | $2,388.48 | $2,388.48 | $0.00 |
| Madrid.Franklin | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Medina.Luis | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Mendez.Juan | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Molina.Tranquilino | $9,800.00 | $3,266.66 | $31.36 | $6,501.98 | $4,500.99 | $2,000.99 |
| Ortiz.Christian | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Paredez-Rojano.Manuel | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Polanco.Anibal | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Ramirez.Arturo | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Reyes.Daniel | $7,800.00 | $2,600.00 | $24.96 | $5,175.04 | $3,837.52 | $1,337.52 |
| Reyes.Jorge | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Rivera.Arnulfo | $3,600.00 | $1,200.00 | $11.52 | $2,388.48 | $2,388.48 | $0.00 |
| Romero.Sergio | $9,800.00 | $3,266.66 | $31.36 | $6,501.98 | $4,500.99 | $2,000.99 |
| Rosas.Luciano | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Vasquez, Roberto | $9,800.00 | $3,266.66 | $31.36 | $6,501.98 | $4,500.99 | $2,000.99 |
| Victoria.Jose | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Total | $250,000.00 | $83,333.33 | $800.00 | | | |

Attorneys' Fees and Expenses:

| | Fees | Expenses | Total |
|---|---|---|---|
| Slater Slater Schulman LLP | $47,333.33 | $400.00 | $47,733.33 |
| Law Office of Brett M. Shatz, PC | $36,000.00 | $400.00 | $36,400.00 |

## SCHEDULE B

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
X
RAMON FLORES-ALTAMIRANO, et al.

                              Plaintiffs,               Case Number: 15-cv-04777 (HP)

      -against-

YEHOSHUA HALALI, et al.

                            Defendants.
-------------------------------------------------------------------
X
RUBEN ACA, et al.

                            Plaintiffs,

      -against-

                                      Case Number: 15-cv-04784 (HP)

ELI HALALI, et al.

                            Defendants.
-------------------------------------------------------------------
X

### STIPULATION AND ORDER OF DISMISSAL

      IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel that the above-captioned action is voluntarily dismissed, with prejudice, against the Defendants, pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii).

By: _____
    Howard Davis, Esq.
    Jeffery Kimmel, Esq.
    Meister Seelig & Fein LLP
    125 Park Avenue, 7th Floor
    New York, NY 10017
    Telephone: (212) 655-3585
    Fax: (646) 539-3684
    *Attorneys for Defendants*

Date: ___2/18/16___

By: _____
    Brett Schatz, Esq.
    LAW OFFICE OF BRETT M.
    SCHATZ PC
    1345 Avenue of the Americas
    Second Floor
    New York, NY 10105
    *Attorneys For Plaintiffs in 15 cv 4777*

Date: ___1/27/16___

By: _____
    Christopher Marlborough, Esq.
THE MARLBOROUGH LAW FIRM, P.C.
    445 Broad Hollow Road, Suite 400
    Melville, NY 11747
    *Attorneys For Plaintiffs in 15 cv 4784*

Date: _____

By: _____
    Adam Slater, Esq.
    SLATER SLATER SCHULMAN LLP
    909 Third Avenue, 28th Floor
    New York, NY 10022
    *Attorneys For Plaintiffs in 15 cv 4784*

Date: _____

The Court finds that the settlement of the captioned actions is approved as fair and reasonable. The Clerk is directed to close the two (2) captioned actions, 15 cv 4777 and 15 cv 4784.

SO ORDERED

_____
Hon. Henry Pitman, U.S.M.J.

_____
                  Dated

By: _____
      Howard Davis, Esq.
      Jeffery Kimmel, Esq.
      Meister Seelig & Fein LLP
      125 Park Avenue, 7th Floor
      New York, NY 10017
      Telephone: (212) 655-3585
      Fax: (646) 539-3684
      *Attorneys for Defendants*

Date: _____

By: _____
      Brett Schatz, Esq.
      LAW OFFICE OF BRETT M.
      SCHATZ PC
      1345 Avenue of the Americas
      Second Floor
      New York, NY 10105
      *Attorneys For Plaintiffs in 15 cv 4777*

Date: _____

By: _____
      Christopher Marlborough, Esq.
      THE MARLBOROUGH LAW FIRM, P.C.
      445 Broad Hollow Road, Suite 400
      Melville, NY 11747
      *Attorneys For Plaintiffs in 15 cv 4784*

Date:    2/12/2016 _____

By: _____
      Adam Slater, Esq.
      SLATER SLATER SCHULMAN LLP
      909 Third Avenue, 28th Floor
      New York, NY 10022
      *Attorneys For Plaintiffs in 15 cv 4784*

Date: _____

The Court finds that the settlement of the captioned actions is approved as fair and reasonable. The Clerk is directed to close the two (2) captioned actions, 15 cv 4777 and 15 cv 4784.

SO ORDERED

[6459-003/4867927/1]       31

By: _____

    Howard Davis, Esq.
    Jeffery Kimmel, Esq.
    Meister Seelig & Fein LLP
    125 Park Avenue, 7th Floor
    New York, NY 10017
    Telephone: (212) 655-3585
    Fax: (646) 539-3684
    *Attorneys for Defendants*

Date: _____

By: _____

    Brett Schatz, Esq.
    LAW OFFICE OF BRETT M.
    SCHATZ PC
    1345 Avenue of the Americas
    Second Floor
    New York, NY 10105
    *Attorneys For Plaintiffs in 15 cv 4777*

Date: _____

By: _____

    Christopher Marlborough, Esq.
    THE MARLBOROUGH LAW FIRM, P.C.
    445 Broad Hollow Road, Suite 400
    Melville, NY 11747
    *Attorneys For Plaintiffs in 15 cv 4784*

Date: _____

By: _____

    Adam Slater, Esq.
    SLATER SLATER SCHULMAN LLP
    909 Third Avenue, 28th Floor
    New York, NY 10022
    *Attorneys For Plaintiffs in 15 cv 4784*

Date: 2/12/16

The Court finds that the settlement of the captioned actions is approved as fair and reasonable. The Clerk is directed to close the two (2) captioned actions, 15 cv 4777 and 15 cv 4784.

SO ORDERED

_____      _____
Hon. Henry Pitman, U.S.M.J.             Dated

## SCHEDULE C

Pursuant to Paragraph 25 in the Settlement Agreement, General Release and Waiver to which
this Schedule is appended, notice to any Plaintiff shall be delivered to said Plaintiff at the address
listed beside his or her name below:

| Plaintiff | Address for Notice |
|---|---|
| Ruben Aca | 1656 Wallaces Ave., 2nd Floor, Bronx, NY 10462 |
| Ronald Alor | 97-12 40th Road, Corona, Queens, NY 11368 |
| Manuel Ayala-Garcia | 410 Ocean Ave., #7, Brooklyn, NY 11226 |
| Gabriel Bailon | 2244 Morris Ave., #4C, Bronx, NY 10453 |
| Daniel Bonola | 104-34 37th St., Queens, NY 11368 |
| Mirna Flores | 205 Brook Ave, #3d, Bronx, NY 10454 |
| Ramon Flores-Altamarino | 681 Melrose Ave., #10, Bronx, NY 10455 |
| Fausto Mendez Garcia | 40-13 15th Ave., Brooklyn, NY 111218 |
| Francisco Gil-Castillo | 2665 Valentine Ave., #4A, Bronx, NY 10458 |
| Tomás Gil-Castillo | 2665 Valentine Ave., #4A, Bronx, NY 10458 |
| Jose Gonzales | 32-34 58th St., Apt 1, Queens, NY 11101 |
| Cristian Ortiz | 4815 46th St., #4A, Queens, NY 11101 |
| Luis Medina | 94-01 40th Rd Queens, NY 11373 |
| Juan Mendez | 4509 5th Ave., Brooklyn, NY 11220 |
| Tranquilino Sanchez | 159 156th St., Apt. #56, New York, NY 10032 |
| Manuel Efren Paredez-Rojano | 1236 Grand Concourse #2A, Bronx, NY 10456 |
| Anibal Polanco | 1020 Summit Ave., #3M, Bronx, NY 10452 |
| Arturo Ramirez | 1253 Bronx River, #1E, Bronx, NY 10472 |
| Daniel Reyes | 3923 58th St., #B3, Woodside, NY 11737 |
| Jorge Reyes Ramirez | 1253 Bronx River Ave, #1R, Bronx, NY 10472 |
| Arnulfo Rivera Andrade | 511 W. 125th St., #3E, NY, NY 10027 |
| Sergio Romero Dorado | 1926 60th St., 2nd Floor, Brooklyn, NY 11204 |
| Luciano Rosas | 432 West 38th ST., #4W, NY, NY 10018 |
| Roberto Campos-Vazquez | 1759 61st St., Brooklyn, NY 11204 |
| Daniel Bravo | 1375 Grand Concourse, Apt 8D, Bronx NY 10452 |
| Wagner Alifanso | 2850 Creston Ave., Apt 1B, Bronx, NY 10468 |
| Israel Clemente | 671 West 162nd St., New York, NY 10032 |
| Alvaro Dector | 1129 St. Lawrence Ave, Apt 2C, Bronx, NY 10472 |
| Franklin Madrid | 421 54th St., Apt 4, Brooklyn, NY 11220 |
| Jose Victoria | 350 East 116th St., New York, NY 10029 |

Exhibit B

| Name | Percent | Amount | | Gross Settlement Amount | Less: Attorney Fees | Less: Expenses | Net Settlement Amount | 1099 Portion | W2 Portion |
|---|---|---|---|---|---|---|---|---|---|
| Flores-Altan | 0.0026 | 646.69 | 0.0072 | $1,800.00 | $600.00 | $5.76 | $1,194.24 | $1,194.24 | $0.00 |
| Polanco.Ani | 0.0074 | 1,852.90 | 0.0108 | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Alifonso.Wa | 0.0053 | 1,322.63 | 0.0072 | $1,800.00 | $600.00 | $5.76 | $1,194.24 | $1,194.24 | $0.00 |
| Alor.Ronald | 0.0113 | 2,830.62 | 0.0108 | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Medina.Luis | 0.0104 | 2,590.88 | 0.0108 | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Rivera.Arnu | 0.0124 | 3,105.19 | 0.0108 | $2,700.00 | $900.00 | $8.64 | $1,791.36 | $1,791.36 | $0.00 |
| Bonola.Dan | 0.0158 | 3,947.55 | 0.016 | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Clemente.Is | 0.0143 | 3,582.60 | 0.016 | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Flores.Mirn | 0.0157 | 3,929.98 | 0.016 | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Victoria.Jos | 0.0132 | 3,307.40 | 0.016 | $4,000.00 | $1,333.33 | $12.80 | $2,653.87 | $2,576.93 | $76.93 |
| Aca.Ruben | 0.0191 | 4,768.45 | 0.018 | $4,500.00 | $1,500.00 | $14.40 | $2,985.60 | $2,742.80 | $242.80 |
| Gonzales.Jo | 0.0176 | 4,398.05 | 0.018 | $4,500.00 | $1,500.00 | $14.40 | $2,985.60 | $2,742.80 | $242.80 |
| Dector.Alva | 0.0278 | 6,949.48 | 0.0312 | $7,800.00 | $2,600.00 | $24.96 | $5,175.04 | $3,837.52 | $1,337.52 |
| Molina.Tran | 0.0343 | 8,584.92 | 0.0312 | $7,800.00 | $2,600.00 | $24.96 | $5,175.04 | $3,837.52 | $1,337.52 |
| Reyes.Danie | 0.0284 | 7,110.33 | 0.0312 | $7,800.00 | $2,600.00 | $24.96 | $5,175.04 | $3,837.52 | $1,337.52 |
| Bravo.Danie | 0.0400 | 9,999.85 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Mendez.Jua | 0.0431 | 10,768.12 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Ortiz.Christi | 0.0475 | 11,869.03 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Paredez-Roj | 0.0495 | 12,372.28 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Ramirez.Art | 0.0434 | 10,839.74 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Reyes.Jorge | 0.0450 | 11,261.63 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Romero.Ser | 0.0442 | 11,052.74 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Rosas.Lucia | 0.0478 | 11,957.21 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Vasquez.Ro | 0.0433 | 10,825.34 | 0.0432 | $10,800.00 | $3,600.00 | $34.56 | $7,165.44 | $4,832.72 | $2,332.72 |
| Ayala-Garci | 0.0595 | 14,886.95 | 0.06 | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Bailon.Gabr | 0.0521 | 13,035.21 | 0.06 | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Garcia.Faus | 0.0589 | 14,724.10 | 0.06 | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Gil-Castillo. | 0.0636 | 15,911.46 | 0.06 | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Gil-Castillo. | 0.0629 | 15,725.75 | 0.06 | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Madrid.Fran | 0.0634 | 15,842.90 | 0.06 | $15,000.00 | $5,000.00 | $48.00 | $9,952.01 | $6,226.00 | $3,726.00 |
| Total | 1.0000 | 250,000.00 | | $250,000.00 | $83,333.33 | $800.00 | | | |

**Attorneys' Fees and Expenses:**

| | | Fees | Expenses | Total |
|---|---|---|---|---|
| Slater Slater Schulman LLP | | $47,333.33 | $400.00 | $47,733.33 |
| Law Office of Brett M. Shatz, PC | | $36,000.00 | $400.00 | $36,400.00 |

Summary of Employee Wage and Hour Claims under FLSA and NYLL
SLATER SLATER SCHULMAN LLP

| Name | Min Wage | OT Owed | Spread of Hours | Subtotal | Liquidated | Paystubs NYLL §195(3) | Subtotal Pre-Interest | Plus Interest | Total Owed |
|---|---|---|---|---|---|---|---|---|---|
| Aca.Ruben | $2,352.00 | $9,838.29 | $4,987.50 | $17,177.79 | $17,177.79 | $2,500.00 | $36,855.58 | $1,639.19 | $38,494.77 |
| Alor.Ronald | $612.00 | $5,776.00 | $3,465.00 | $9,853.00 | $9,853.00 | $2,500.00 | $22,206.00 | $645.03 | $22,851.03 |
| Ayala-Garcia.Manuel | $0.00 | $38,066.67 | $13,774.50 | $51,841.17 | $51,841.17 | $2,500.00 | $106,182.34 | $13,997.12 | $120,179.46 |
| Bailon.Gabriel | $612.00 | $34,072.00 | $11,296.00 | $45,980.00 | $45,980.00 | $2,500.00 | $94,460.00 | $10,770.66 | $105,230.66 |
| Bonola.Daniel | $2,730.00 | $8,476.00 | $3,052.50 | $14,258.50 | $14,258.50 | $2,500.00 | $31,017.00 | $850.82 | $31,867.82 |
| Flores.Mirna | $0.00 | $8,960.00 | $4,987.50 | $13,947.50 | $13,947.50 | $2,500.00 | $30,395.00 | $1,330.94 | $31,725.94 |
| Flores-Altamarino.Ramon | $0.00 | $0.00 | $1,344.00 | $1,344.00 | $1,344.00 | $2,500.00 | $5,188.00 | $32.64 | $5,220.64 |
| Garcia.Fausto | $0.00 | $39,397.78 | $12,421.50 | $51,819.28 | $51,819.28 | $2,500.00 | $106,138.56 | $12,726.25 | $118,864.81 |
| Gil-Castillo.Francisco | $7,605.33 | $34,104.80 | $13,774.50 | $55,484.63 | $55,484.63 | $2,500.00 | $113,469.26 | $14,980.85 | $128,450.11 |
| Gil-Castillo.Thomas | $6,090.00 | $35,003.20 | $13,731.00 | $54,824.20 | $54,824.20 | $2,500.00 | $112,148.40 | $14,802.53 | $126,950.93 |
| Gonzales.Jose | $1,627.92 | $10,488.89 | $3,813.00 | $15,929.81 | $15,929.81 | $2,500.00 | $34,359.62 | $1,144.98 | $35,504.60 |
| Ortiz.Christian | $4,638.00 | $26,449.97 | $11,034.00 | $42,121.97 | $42,121.97 | $2,500.00 | $86,743.94 | $9,072.38 | $95,816.32 |
| Medina.Luis | $612.00 | $5,796.00 | $2,508.00 | $8,916.00 | $8,916.00 | $2,500.00 | $20,332.00 | $583.69 | $20,915.69 |
| Mendez.Juan | $2,184.00 | $25,888.00 | $10,294.50 | $38,366.50 | $38,366.50 | $2,500.00 | $79,233.00 | $7,695.90 | $86,928.90 |
| Molina.Tranquilino | $1,519.00 | $20,086.67 | $8,960.75 | $30,566.42 | $30,566.42 | $2,500.00 | $63,632.84 | $5,671.54 | $69,304.38 |
| Paredez-Rojano.Manuel | $7,976.16 | $25,554.67 | $10,425.00 | $43,955.83 | $43,955.83 | $2,500.00 | $90,411.66 | $9,467.36 | $99,879.02 |
| Polanco.Anibal | $0.00 | $2,980.50 | $3,073.50 | $6,054.00 | $6,054.00 | $2,500.00 | $14,608.00 | $350.08 | $14,958.08 |
| Ramirez.Arturo | $6,514.56 | $22,629.33 | $9,685.50 | $38,829.39 | $38,829.39 | $2,500.00 | $80,158.78 | $7,348.33 | $87,507.11 |
| Reyes.Daniel | $0.00 | $18,340.00 | $7,218.00 | $25,558.00 | $25,558.00 | $2,500.00 | $53,616.00 | $3,784.33 | $57,400.33 |
| Reyes.Jorge | $0.00 | $24,944.44 | $14,004.00 | $38,948.44 | $38,948.44 | $2,500.00 | $80,396.88 | $10,516.08 | $90,912.96 |
| Rivera.Arnulfo | $0.00 | $6,856.00 | $4,030.50 | $10,886.50 | $10,886.50 | $2,500.00 | $24,273.00 | $794.57 | $25,067.57 |
| Romero.Sergio | $6,552.00 | $23,134.29 | $9,859.50 | $39,545.79 | $39,545.79 | $2,500.00 | $81,591.58 | $7,635.05 | $89,226.63 |
| Rosas.Luciano | $6,433.04 | $25,260.00 | $10,816.50 | $42,509.54 | $42,509.54 | $2,500.00 | $87,519.08 | $9,009.11 | $96,528.19 |
| Vasquez, Roberto | | $28,041.04 | $10,468.50 | $38,509.54 | $38,509.54 | $2,500.00 | $79,519.08 | $7,871.77 | $87,390.85 |
| Daniel Bravo | $0.00 | $26,856.00 | $9,339.00 | $36,195.00 | $36,195.00 | $2,500.00 | $74,890.00 | $5,836.82 | $80,726.82 |
| Wagner Alifonzo | $0.00 | $2,944.00 | $1,104.00 | $4,048.00 | $4,040.00 | $2,500.00 | $10,588.00 | $8,135.00 | $18,723.00 |
| Israel Clemente | $0.00 | $7,320.00 | $2,928.00 | $10,248.00 | $10,248.00 | $2,500.00 | $22,996.00 | $5,925.60 | $28,921.60 |
| Jose Victoria | $0.00 | $8,400.00 | $3,360.00 | $11,760.00 | $11,760.00 | $2,500.00 | $26,020.00 | $679.99 | $26,699.99 |
| Alvaro Dector | $0.00 | $19,520.00 | $5,856.00 | $25,376.00 | $25,376.00 | $2,500.00 | $53,252.00 | $2,849.79 | $56,101.79 |
| Franklin Madrid | $16,958.00 | $32,412.91 | $11,902.50 | $61,273.41 | $61,273.42 | $2,500.00 | $125,046.83 | $2,849.79 | $127,896.62 |
| Total | $75,016.01 | $577,597.45 | $233,514.75 | $886,128.21 | $886,120.22 | $75,000.00 | $1,847,248.43 | $178,998.19 | $2,026,246.62 |

Summary of Employee Wage and Hour Claims under FLSA and NYLL
SLATER SLATER SCHULMAN LLP

| | Shares |
|---|---|
| Aca.Ruben | 0.0190 |
| Alor.Ronald | 0.0113 |
| Ayala-Garcia.Manuel | 0.0593 |
| Bailon.Gabriel | 0.0519 |
| Bonola.Daniel | 0.0157 |
| Flores.Mirna | 0.0157 |
| Flores-Altamarino.Ramon | 0.0026 |
| Garcia.Fausto | 0.0587 |
| Gil-Castillo.Francisco | 0.0634 |
| Gil-Castillo.Thomas | 0.0627 |
| Gonzales.Jose | 0.0175 |
| Ortiz.Christian | 0.0473 |
| Medina.Luis | 0.0103 |
| Mendez.Juan | 0.0429 |
| Molina.Tranquilino | 0.0342 |
| Paredez-Rojano.Manuel | 0.0493 |
| Polanco.Anibal | 0.0074 |
| Ramirez.Arturo | 0.0432 |
| Reyes.Daniel | 0.0283 |
| Reyes.Jorge | 0.0449 |
| Rivera.Arnulfo | 0.0124 |
| Romero.Sergio | 0.0440 |
| Rosas.Luciano | 0.0476 |
| Vasquez, Roberto | 0.0431 |
| Daniel Bravo | 0.0398 |
| Wagner Alifonzo | 0.0092 |
| Israel Clemente | 0.0143 |
| Jose Victoria | 0.0132 |
| Alvaro Dector | 0.0277 |
| Franklin Madrid | 0.0631 |
| **Total** | **1.0000** |

*shares are computed by dividing each Plaintiffs' share by the total owed to obtain a percentage of the settlement to which each claimant would be entitled in the Global Settlement Fund ("GSF"). Placeholder employees for the purposes of reserve funds were calculated based on a $500 per week salary, sixty (60) hours per week, for two (2) years.

**Ruben Aca**    10/12 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 10/12 - 10/13 | 6 - 12 hour days @ $560/week | 72 | $480.00 | $6.67 | 56 |
| 11/13 - 04/14 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 25 |
| 05/14 - Present | 6 - 10 hour days @ $600.00/week | 60 | $600.00 | $10.00 | 28 |
| | | | | Total | 109 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 10/2012 - 10/13 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $42.00 | 56 | $2,352.00 |
| | | | | | | | Total | $2,352.00 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 10/2012 - 10/13 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.16 | 56 | $6,504.96 |
| 11/13 - 04/14 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 25 | $3,333.33 |
| | | | | | | | Total | $9,838.29 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 10/2012 - 12/13 | 6 | 6 | $7.25 | $43.50 | 65 | $2,827.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $4,987.50 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 10/12 - 11/14/14 | 774 | 387 | $17,177.79 | $1,639.19 |

**Summary of Claims**

| | |
|---|---|
| Min Wage | $2,352.00 |
| OT Owed | $9,838.29 |
| Spread | $4,987.50 |
| Subtotal | **$17,177.79** |
| Liquidated | $17,177.79 |
| Paystubs | $2,500.00 |
| Subtotal | **$36,855.59** |
| Plus Interest | $1,639.19 |
| **Total Owed** | **$38,494.77** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Franklin Madrid**    5/5/2009 -5/2013

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 5/5/2009-12/2011 | 6 - 12 hour days @ $400/week | 72 | $400.00 | $5.56 | 139 |
| 1/1/2011-5/2013 | 6 - 12 hour days @ $510.00/week | 72 | $510.00 | $7.08 | 122 |
| | | | | Total | 261 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 5/5/2009/12/2011 | 72 | $400.00 | $5.56 | $7.25 | $1.69 | $122.00 | 139 | $16,958.00 |
| 1/1/2011-5/2013 | 72 | $510.00 | $7.08 | $7.25 | $0.17 | $12.00 | 122 | $1,464.00 |
| | | | | | | | Total | **$16,958.00** |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 5/5/2009-12/2011 | 72 | $400.00 | $7.25 | $10.88 | $3.63 | $116.16 | 139 | $16,146.24 |
| 1/1/2011-5/2013 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 122 | $16,266.67 |
| | | | | | | | Total | **$32,412.91** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 5/5/2009-12/2011 | 6 | 6 | $7.25 | $43.50 | 139 | $6,046.50 |
| 1/1/2011-5/2013 | 6 | 6 | $8.00 | $48.00 | 122 | $5,856.00 |
| | | | | | Total | **$11,902.50** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 5/5/2009-12/2013 | 1701 | 850.5 | $61,273.41 | **$12,849.79** |

**Summary of Claims**

| | |
|---|---|
| Min Wage | $16,958.00 |
| OT Owed | $32,412.91 |
| Spread | $11,902.50 |
| Subtotal | **$61,273.41** |
| Liquidated | $61,273.41 |
| Paystubs | $2,500.00 |
| Subtotal | **$125,046.81** |
| Plus Interest | $12,849.79 |
| **Total Owed** | **$137,896.60** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Alvaro Dector**    3/2014-3/2015

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 3/2014-3/2015 | 6 - 12 hour days @ $600.00/week | 60 | $600.00 | $10.00 | 122 |
| | | | | Total | 122 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 3/2014-3/2015 | 60 | $600.00 | $10.00 | $15.00 | $5.00 | $160.00 | 122 | $19,520.00 |
| | | | | | | Total | | $19,520.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 3/2014-3/2015 | 6 | 6 | $8.00 | $48.00 | 122 | $5,856.00 |
| | | | | Total | | $5,856.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 3/2014-3/2015 | 365 | 182.5 | $25,376.00 | $1,141.92 |

**Summary of Claims**

| | |
|---|---|
| OT Owed | $19,520.00 |
| Spread | $5,856.00 |
| Subtotal | **$25,376.00** |
| Liquidated | $25,376.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$53,252.00** |
| Plus Interest | $1,141.92 |
| **Total Owed** | **$54,393.92** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Jose Victoria**    6/2013-9/2014

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 6/2013-9/2014 | 6 - 12 hour days @ $540.00/week | 72 | $540.00 | $7.50 | 70 |
| | | | | Total | 70 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 6/2013-9/2014 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 70 | $8,400.00 |
| | | | | | | Total | | **$8,400.00** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 6/2013-9/2014 | 6 | 6 | $8.00 | $48.00 | 70 | $3,360.00 |
| | | | | Total | | **$3,360.00** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 6/2013-9/2014 | 469 | 234.5 | $11,760.00 | **$679.99** |

**Summary of Claims**

| | |
|---|---|
| OT Owed | $8,400.00 |
| Spread | $3,360.00 |
| Subtotal | **$11,760.00** |
| Liquidated | $11,760.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$26,020.00** |
| Plus Interest | $679.99 |
| **Total Owed** | **$26,699.99** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Israel Clemente**    7/2011-8/2012

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 7/2011-8/2012 | 6 - 12 hour days @ $540.00/week | 72 | $540.00 | $7.50 | 61 |
| | | | | Total | 61 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 7/2011-8/2012 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 61 | $7,320.00 |
| | | | | | | Total | | $7,320.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 7/2011-8/2012 | 6 | 6 | $8.00 | $48.00 | 61 | $2,928.00 |
| | | | | | Total | $2,928.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 7/2011-8/2012 | 469 | 234.5 | $10,248.00 | $592.56 |

**Summary of Claims**

| | |
|---|---|
| OT Owed | $7,320.00 |
| Spread | $2,928.00 |
| Subtotal | **$10,248.00** |
| Liquidated | $10,248.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$22,996.00** |
| Plus Interest | $592.56 |
| **Total Owed** | **$23,588.56** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Wagner Alifonzo**    6/5/14-11/15/14

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 7/2011-8/2012 | 6 - 12 hour days @ $480.00/week | 60 | $540.00 | $9.00 | 23 |
| | | | | Total | 23 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 7/2011-8/2012 | 60 | $480.00 | $8.00 | $12.00 | $4.00 | $128.00 | 23 | $2,944.00 |
| | | | | | | Total | | $2,944.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 7/2011-8/2012 | 6 | 6 | $8.00 | $48.00 | 23 | $1,104.00 |
| | | | | | Total | $1,104.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 7/2011-8/2012 | 163 | 81.5 | $4,048.00 | $81.35 |

**Summary of Claims**

| | |
|---|---|
| OT Owed | $2,944.00 |
| Spread | $1,104.00 |
| Subtotal | **$4,048.00** |
| Liquidated | $4,048.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$10,596.00** |
| Plus Interest | $81.35 |
| **Total Owed** | **$10,677.35** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Ronald Emerson Roldan Alor**        **06/13 - Present**

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 06/13 - 04/14 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 47 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $540/week | 60 | $540.00 | $9.00 | 20 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $560/week | 60 | $560.00 | $9.33 | 8 |
| | | | | Total | 75 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 01/14 - 04/14 | 72 | $540.00 | $7.50 | $8.00 | $0.50 | $36.00 | 17 | $612.00 |
| | | | | | | | Total | **$612.00** |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 06/13 - 12/13 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 30 | $3,600.00 |
| 01/14 - 04/14 | 72 | $540.00 | $8.00 | $12.00 | $4.00 | $128.00 | 17 | $2,176.00 |
| | | | | | | | Total | **$5,776.00** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 06/13 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 30 | $1,305.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$3,465.00** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 06/13 - 11/14/14 | 531 | 265.5 | $9,853.00 | **$645.03** |

| Total Owed | |
|---|---|
| Minimum Wage | $612.00 |
| OT Owed | $5,776.00 |
| Spread | $3,465.00 |
| Subtotal | **$9,853.00** |
| Liquidated | $9,853.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$22,206.00** |
| Plus Interest | $645.03 |
| **Total Owed** | **$22,851.03** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Manuel Ayala-Garcia    11/14/08 - Present**

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 11/08 - 09/13 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 254 |
| 10/13 - 04/14 | 6 - 12 hour days @ $630/week | 72 | $630.00 | $8.75 | 30 |
| 05/14 - Present | 6 - 10 hour days @ $630/week | 60 | $630.00 | $10.50 | 28 |
| | | | | Total | 312 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 11/08 - 09/13 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 254 | $33,866.67 |
| 10/13 - 04/14 | 72 | $630.00 | $8.75 | $13.13 | $4.38 | $140.00 | 30 | $4,200.00 |
| | | | | | | Total | | **$38,066.67** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 11/08 - 12/13 | 6 | 6 | $7.25 | $43.50 | 267 | $11,614.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$13,774.50** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 11/14/08 - 11/14/14 | 2190 | 1095 | $51,841.17 | **$13,997.12** |

| Total Owed | |
|---|---|
| OT Owed | $38,066.67 |
| Spread | $13,774.50 |
| Subtotal | **$51,841.17** |
| Liquidated | $51,841.17 |
| Paystubs | $2,500.00 |
| Subtotal | **$106,182.33** |
| Plus Interest | $13,997.12 |
| **Total Owed** | **$120,179.45** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the
outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Gabriel Bailon**    09/09 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 09/09 - 07/13 | 6 - 12 hour days @ $648/week | 72 | $648.00 | $9.00 | 204 |
| 08/13 - 04/14 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 69 |
| 05/14 - 10/14 | 6 - 10 hour days @ $600.00 | 60 | $600.00 | $10.00 | 24 |
| 11/14 | 5 - 10 hour days @ $500.00 | 50 | $500.00 | $10.00 | 4 |
| | | | | Total | 301 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 01/14 - 04/14 | 72 | $540.00 | $7.50 | $8.00 | $0.50 | $36.00 | 17 | $612.00 |
| | | | | | | Total | | **$612.00** |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 09/2009 - 07/13 | 72 | $648.00 | $9.00 | $13.50 | $4.50 | $144.00 | 204 | $29,376.00 |
| 08/13 - 12/13 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 21 | $2,520.00 |
| 01/2014 - 04/14 | 72 | $540.00 | $8.00 | $12.00 | $4.00 | $128.00 | 17 | $2,176.00 |
| | | | | | | Total | | **$34,072.00** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 09/2009 - 12/13 | 6 | 6 | $7.25 | $43.50 | 256 | $11,136.00 |
| 01/14 - 10/14/14 | 6 | 6 | $8.00 | $48.00 | 41 | $1,968.00 |
| 11/14 | 5 | 5 | $8.00 | $40.00 | 4 | $160.00 |
| | | | | | Total | **$11,296.00** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 09/09 - 11/14/14 | 1900 | 950 | $45,980.00 | $10,770.66 |

| | |
|---|---|
| Total Owed | |
| Minimum Wage | $612.00 |
| OT Owed | $34,072.00 |
| Spread | $11,296.00 |
| Subtotal | **$45,980.00** |
| Liquidated | $45,980.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$94,460.00** |
| Plus Interest | $10,770.66 |
| **Total Owed** | **$105,230.66** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

Daniel Bonola        02/13 - 05/14

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 02/13 - 02/14 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 56 |
| 03/14 - 05/14 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 13 |
| | | | | Total | 69 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 02/13 - 12/13 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $42.00 | 47 | $1,974.00 |
| 01/2014 - 05/14 | 72 | $540.00 | $7.50 | $8.00 | $0.50 | $36.00 | 21 | $756.00 |
| | | | | | | | Total | $2,730.00 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 02/13 - 12/31 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.00 | 47 | $5,452.00 |
| 01/2014 - 05/14 | 72 | $540.00 | $7.50 | $12.00 | $4.50 | $144.00 | 21 | $3,024.00 |
| | | | | | | | Total | $8,476.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 02/13 - 12/13 | 6 | 6 | $7.25 | $43.50 | 47 | $2,044.50 |
| 01/14 - 05/14 | 6 | 6 | $8.00 | $48.00 | 21 | $1,008.00 |
| | | | | | Total | $3,052.50 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest* |
|---|---|---|---|---|
| 02/13 - 05/14 | 484 | 242 | $14,258.50 | $850.82 |

| Total Owed | |
|---|---|
| Min Wage | $2,730.00 |
| OT Owed | $8,476.00 |
| Spread | $3,052.50 |
| Subtotal | **$14,258.50** |
| Liquidated | $14,258.50 |
| Paystubs | $2,500.00 |
| Subtotal | **$31,017.00** |
| Plus Interest | $850.82 |
| **Total Owed** | **$31,867.82** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Mirna Flores**        **03/12 - Present**

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 03/12 - 04/14 | 6 - 10 hour days @ $480/week | 60 | $480.00 | $8.00 | 141 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $560/week | 60 | $560.00 | $9.33 | 6 |
| | | | | Total | 147 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 03/12 - 04/14 | 60 | $480.00 | $8.00 | $12.00 | $4.00 | $80.00 | 112 | $8,960.00 |
| | | | | | | Total | | **$8,960.00** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 10/2012 - 12/2013 | 6 | 6 | $7.25 | $43.50 | 65 | $2,827.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$4,987.50** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 10/12 - 11/14/14 | 774 | 387 | $13,947.50 | **$1,330.94** |

| | |
|---|---|
| Total Owed | |
| OT Owed | $8,960.00 |
| Spread | $4,987.50 |
| Subtotal | **$13,947.50** |
| Liquidated | $13,947.50 |
| Paystubs | $2,500.00 |
| Subtotal | **$30,395.00** |
| Plus Interest | $1,330.94 |
| **Total Owed** | **$31,725.94** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

Ramon Flores-Altamarino          05/14 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 05/14 - 11/14 | 6 - 10 hour days @ $560/week | 60 | $560.00 | $9.33 | 27 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 05/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 28 | $1,344.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 05/14 - 11/14/14 | 197 | 98.5 | $1,344.00 | $32.64 |

| | |
|---|---|
| Total Owed | |
| Spread | $1,344.00 |
| Subtotal | **$1,344.00** |
| Liquidated | $1,344.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$5,188.00** |
| Plus Interest | $32.64 |
| **Total Owed** | **$5,220.64** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

**Nestor Gallardo-Sanchez**    06/10 - Present

Summary

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 06/10 - 12/12 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 126 |
| 01/13 - 05/13 | 6 - 12 hour days @ 660/week | 72 | $660.00 | $9.17 | 22 |
| 06/13 - 04/14 | 6 - 12 hour days @ $720.00 | 72 | $720.00 | $10.00 | 47 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $720.00 | 60 | $720.00 | $12.00 | 28 |
| | | | | Total | 223 |

Overtime

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 06/2010 - 12/2012 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 134 | $16,080.00 |
| 01/2013 - 05/2013 | 72 | $660.00 | $9.17 | $13.75 | $4.58 | $146.67 | 22 | $3,226.67 |
| 06/2013 - 04/14 | 72 | $720.00 | $10.00 | $15.00 | $5.00 | $100.00 | 75 | $7,500.00 |
| | | | | | | Total | | $26,806.67 |

Spread

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 06/2010 - 12/13 | 6 | 6 | $7.25 | $43.50 | 178 | $7,743.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $9,903.00 |

Interest

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 06/10 - 11/14/14 | 1627 | 813.5 | $36,709.67 | $7,363.56 |

| Total Owed | |
|---|---|
| OT Owed | $26,806.67 |
| Spread | $9,903.00 |
| Subtotal | **$36,709.67** |
| Liquidated | $36,709.67 |
| Paystubs | $2,500.00 |
| Subtotal | **$75,919.33** |
| Plus Interest | $7,363.56 |
| **Total Owed** | **$83,282.89** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

**Daniel Bravo**  3/2012-9/2015

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 3/2012-1/2013 | 6 - 10 hour days @ $510.00/week | 60 | $510.00 | $8.50 | 44 |
| 1/2013-6/2013 | 6 - 10 hour days @ $540.00/week | 60 | $510.00 | $8.50 | 22 |
| 6/2013-6/2014 | 6 - 10 hour days @ $570.00/week | 60 | $510.00 | $8.50 | 52 |
| 6/2014-9/2015 | 6 - 10 hour days @ $525.00/week | 60 | $525.00 | $8.75 | 70 |
| | | | | Total | 188 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate# | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 3/2012-1/2013 | 60 | $510.00 | $8.50 | $12.75 | $4.25 | $136.00 | 44 | $5,984.00 |
| 1/2013-6/2013 | 60 | $540.00 | $9.00 | $13.50 | $4.50 | $144.00 | 22 | $3,168.00 |
| 6/2013-6/2014 | 60 | $570.00 | $9.50 | $14.25 | $4.75 | $152.00 | 52 | $7,904.00 |
| 6/2014-9/2015 | 60 | $525.00 | $8.75 | $13.13 | $4.38 | $140.00 | 70 | $9,800.00 |
| | | | | | | Total | | $26,856.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 3/2012-1/2013 | 6 | 6 | $8.00 | $48.00 | 44 | $2,112.00 |
| 1/2013-6/2013 | 6 | 6 | $8.00 | $48.00 | 22 | $1,056.00 |
| 6/2013-6/2014 | 6 | 6 | $8.00 | $48.00 | 52 | $2,496.00 |
| 6/2014-9/2015 | 6 | 6 | $8.75 | $52.50 | 70 | $3,675.00 |
| | | | | | Total | $9,339.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 7/2011-8/2012 | 1308 | 654 | $36,195.00 | $5,836.82 |

**Summary of Claims**

| | |
|---|---|
| OT Owed | $26,856.00 |
| Spread | $9,339.00 |
| Subtotal | **$36,195.00** |
| Liquidated | $36,195.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$74,890.00** |
| Plus Interest | $5,836.82 |
| **Total Owed** | **$80,726.82** |

# Where the hourly rate is below the minimum wage (i.e., $7.25 pre-1/1/14, $8.00 1/1/14 or later), for purposes of calculations herein the minimum wage was used therein to avoid a claim for double recovery of the difference between actual and minimum wage.

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

** Placeholder employees for the purposes of settlement. Employees were calculated using a two year employment term, $500 weekly salary, and 60 hours a week.

**Fausto Garcia**    06/09 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 06/09 - 01/10 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 34 |
| 02/10 - 09/10 | 6 - 12 hour days @ $660/week | 72 | $660.00 | $9.17 | 34 |
| 10/10 - 10/13 | 6 - 12 hour days @ $720/week | 72 | $720.00 | $10.00 | 160 |
| 11/13 - 04/14 | 6 - 12 hour days @ $770/week | 72 | $770.00 | $10.69 | 25 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $770/week | 60 | $770.00 | $12.83 | 28 |
| | | | | Total | 281 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 06/09 - 01/10 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 34 | $4,533.33 |
| 02/10 - 09/10 | 72 | $660.00 | $9.17 | $13.75 | $4.58 | $146.67 | 34 | $4,986.67 |
| 10/10 - 10/13 | 72 | $720.00 | $10.00 | $15.00 | $5.00 | $160.00 | 160 | $25,600.00 |
| 11/13 - 04/14 | 72 | $770.00 | $10.69 | $16.04 | $5.35 | $171.11 | 25 | $4,277.78 |
| | | | | | | Total | | $39,397.78 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 06/09 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 237 | $10,309.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 44 | $2,112.00 |
| | | | | | Total | $12,421.50 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 06/09 - 11/14/14 | 1992 | 996 | $51,819.28 | $12,726.25 |

| Total Owed | |
|---|---|
| OT Owed | $39,397.78 |
| Spread | $12,421.50 |
| Subtotal | **$51,819.28** |
| Liquidated | $51,819.28 |
| Paystubs | $2,500.00 |
| Subtotal | **$106,138.56** |
| Plus Interest | $12,726.25 |
| **Total Owed** | **$118,864.80** |

\* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

**Thomas Gil-Castillo    11/14/08 - Present**

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 11/14/08 - 08/11 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 145 |
| 09/11 - 08/12 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 52 |
| 09/12 - 08/13 | 6 - 12 hour days @ $600.00 | 72 | $600.00 | $8.33 | 52 |
| 09/13 - 04/14 | 6 - 12 hour days @ $660.00 | 72 | $660.00 | $9.17 | 34 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $720.00 | 60 | $720.00 | $12.00 | 28 |
| | | | | Total | 311 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 11/08 - 08/11 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $42.00 | 145 | $6,090.00 |
| | | | | | | | Total | $6,090.00 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 11/14/08 - 08/11 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.16 | 145 | $16,843.20 |
| 09/11 - 08/12 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 52 | $6,240.00 |
| 09/12 - 08/13 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 52 | $6,933.33 |
| 09/13 - 04/14 | 72 | $660.00 | $9.17 | $13.75 | $4.58 | $146.67 | 34 | $4,986.67 |
| | | | | | | | Total | $35,003.20 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 11/14/08 - 12/2013 | 6 | 6 | $7.25 | $43.50 | 266 | $11,571.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $13,731.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 11/14/08 - 11/14/14 | 2190 | 1095 | $54,824.20 | $14,802.53 |

| | |
|---|---|
| Total Owed | |
| Min Wage | $6,090.00 |
| OT Owed | $35,003.20 |
| Spread | $13,731.00 |
| Subtotal | **$54,824.20** |
| Liquidated | $54,824.20 |
| Paystubs | $2,500.00 |
| Subtotal | **$112,148.40** |
| Plus Interest | $14,802.53 |
| **Total Owed** | **$126,950.93** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Jose Gonzales**    **4/10/13 - Present**

Summary

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 04/10/13 - 04/14 | 6 - 12 hour days @ $560/week | 72 | $540.00 | $7.50 | 56 |
| 09/14 - 11/14/14 | 6 - 10 hour days @ $600/week | 60 | $600.00 | $10.00 | 27 |
| | | | | Total | 83 |

Minimum Wage

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 01/14 - 04/14 | 72 | $560.00 | $6.67 | $8.00 | $1.33 | $95.76 | 17 | $1,627.92 |
| | | | | | | | Total | **$1,627.92** |

Overtime

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 4/10/13 - 12/13 | 72 | $560.00 | $7.78 | $11.67 | $3.89 | $124.44 | 38 | $4,728.89 |
| 01/14 - 11/14 | 72 | $560.00 | $8.00 | $12.00 | $4.00 | $128.00 | 45 | $5,760.00 |
| | | | | | | | Total | **$10,488.89** |

Spread

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 04/10/13 - 12/13 | 6 | 6 | $7.25 | $43.50 | 38 | $1,653.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$3,813.00** |

Interest

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 4/10/13 - 11/14/14 | 583 | 291.5 | $15,929.81 | $1,144.98 |

| Total Owed | |
|---|---|
| Minimum Wage | $1,627.92 |
| OT Owed | $10,488.89 |
| Spread | $3,813.00 |
| Subtotal | **$15,929.81** |
| Liquidated | $15,929.81 |
| Paystubs | $2,500.00 |
| Subtotal | **$34,359.62** |
| Plus Interest | $1,144.98 |
| **Total Owed** | **$35,504.60** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

Christian Ortiz      02/10 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 02/10 - 01/12 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 104 |
| 02/12 - 01/13 | 6 - 12 hour days @ 540/week | 72 | $540.00 | $7.50 | 52 |
| 02/13 - 04/14 | 6 - 12 hour days @ $570.00 | 72 | $570.00 | $7.92 | 64 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $600.00 | 60 | $600.00 | $10.00 | 28 |
| | | | | Total | 248 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 02/10 - 02/12 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $42.00 | 108 | $4,536.00 |
| 01/14 - 04/14 | 72 | $570.00 | $7.92 | $8.00 | $0.08 | $6.00 | 17 | $102.00 |
| | | | | | | | Total | $4,638.00 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 02/10 - 01/12 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.16 | 104 | $12,080.64 |
| 02/12 - 01/13 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 52 | $6,240.00 |
| 02/13 - 12/13 | 72 | $570.00 | $7.92 | $11.88 | $3.96 | $126.67 | 47 | $5,953.33 |
| 01/14 - 04/14 | 72 | $570.00 | $8.00 | $12.00 | $4.00 | $128.00 | 17 | $2,176.00 |
| | | | | | | | Total | $26,449.97 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 02/10 - 12/13 | 6 | 6 | $7.25 | $43.50 | 204 | $8,874.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $11,034.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 02/10 - 11/14/14 | 1747 | 873.5 | $42,121.97 | $9,072.38 |

| Total Owed | |
|---|---|
| Minimum Wage | $4,638.00 |
| OT Owed | $26,449.97 |
| Spread | $11,034.00 |
| Subtotal | **$42,121.97** |
| Liquidated | $42,121.97 |
| Paystubs | $2,500.00 |
| Subtotal | **$86,743.95** |
| Plus Interest | $9,072.38 |
| **Total Owed** | **$95,816.33** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

Luis Medina      06/13 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 11/13 - 04/14 | 6 - 12 hour days @ $540/week | 72 | $540.00 | 7.5 | 25 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $570/week | 60 | $570.00 | 9.5 | 28 |
| | | | | | 53 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per W | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 01/14 - 04/14 | 72 | $540.00 | $7.50 | $8.00 | $0.50 | $36.00 | 17 | **$612.00** |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hou | OT Owed Per Wee | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 11/13 - 12/13 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 8 | $960.00 |
| 01/14 - 04/14 | 72 | $540.00 | $8.00 | $12.00 | $4.00 | $128.00 | 17 | $2,176.00 |
| 05/14 - 11/14/14 | 60 | $570.00 | $9.50 | $14.25 | $4.75 | $95.00 | 28 | $2,660.00 |
| | | | | | | | Total | **$5,796.00** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 11/13 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 8 | $348.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$2,508.00** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 06/13 - 11/14/14 | 531 | 265.5 | $8,916.00 | **$583.69** |

| Total Owed | |
|---|---|
| Minimum Wage | $612.00 |
| OT Owed | $5,796.00 |
| Spread | $2,508.00 |
| Subtotal | **$8,916.00** |
| Liquidated | $8,916.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$20,332.00** |
| Plus Interest | $583.69 |
| **Total Owed** | **$20,915.69** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

Juan Carlos Barranco Mendez    06/10 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 06/10 - 05/11 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 52 |
| 06/11 - 05/12 | 6 - 12 hour days @ $570/week | 72 | $570.00 | $7.92 | 52 |
| 06/12 - 04/14 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 99 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $600/week | 60 | $600.00 | $10.00 | 28 |
| | | | | Total | 203 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 06/10 - 05/11 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $42.00 | 52 | $2,184.00 |
| | | | | | | | Total | $2,184.00 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 06/10 - 05/11 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.00 | 52 | $6,032.00 |
| 06/11 - 05/12 | 72 | $570.00 | $8.00 | $12.00 | $4.00 | $128.00 | 52 | $6,656.00 |
| 06/12 - 04/14 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 99 | $13,200.00 |
| | | | | | | | Total | $25,888.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 06/10 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 187 | $8,134.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $10,294.50 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 06/10 - 11/14/14 | 1627 | 813.5 | $38,366.50 | $7,695.90 |

| Total Owed | |
|---|---|
| Minimum Wage | $2,184.00 |
| OT Owed | $25,888.00 |
| Spread | $10,294.50 |
| Subtotal | **$38,366.50** |
| Liquidated | $38,366.50 |
| Paystubs | $2,500.00 |
| Subtotal | **$79,233.00** |
| Plus Interest | $7,695.90 |
| **Total Owed** | **$86,928.90** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the
outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Tranquilino Sanchez Molina**    10/10 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 10/10 - 03/11 | 7 - 12 hour days @ $560/week | 84 | $560.00 | $6.67 | 25 |
| 04/11 - 08/11 | 7 - 12 hour days @ $595/week | 84 | $595.00 | $7.08 | 21 |
| 09/11 - 08/13 | 7 - 12 hour days @ $630/week | 84 | $630.00 | $7.50 | 104 |
| 09/13 - 12/13 | 7 - 12 hour days @ $700/week | 84 | $700.00 | $8.33 | 17 |
| 01/14 - 04/14 | 7 - 12 hour days @ $700/week | 84 | $700.00 | $8.33 | 17 |
| 05/14 - 09/14 | 6 - 11 hour days @ $660/week | 66 | $660.00 | $10.00 | 21 |
| 10/14 - 11/14/14 | 6 - 10 hour days @ $660/week | 60 | $660.00 | $11.00 | 6 |
| | | | | Total | 211 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 10/10 - 03/11 | 84 | $560.00 | $6.67 | $7.25 | $0.58 | 49 | 25 | $1,225.00 |
| 04/11 - 08/11 | 84 | $595.00 | $7.08 | $7.25 | $0.17 | 14 | 21 | $294.00 |
| | | | | | | Total | | $1,519.00 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 10/10 - 03/11 | 84 | $560.00 | $7.25 | $10.88 | $3.63 | $116.16 | 25 | $2,904.00 |
| 04/11 - 08/11 | 84 | $595.00 | $7.25 | $10.88 | $3.63 | $116.00 | 21 | $2,436.00 |
| 09/11 - 08/13 | 84 | $630.00 | $7.50 | $11.25 | $3.75 | $120.00 | 104 | $12,480.00 |
| 09/13 - 04/14 | 84 | $700.00 | $8.33 | $12.50 | $4.17 | $133.33 | 17 | $2,266.67 |
| | | | | | | Total | | $20,086.67 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 10/10 - 12/13 | 7 | 7 | $7.25 | $50.75 | 169 | 8576.75 |
| 01/14 - 04/14 | 7 | 7 | $7.25 | $50.75 | 37 | 1877.75 |
| 10/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 8 | 384 |
| | | | | | Total | 8960.75 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 10/10 - 11/14/14 | 1505 | 752.5 | $30,566.42 | $5,671.54 |

| Total Owed | |
|---|---|
| Minimum Wage | $1,519.00 |
| OT Owed | $20,086.67 |
| Spread | $8,960.75 |
| Subtotal | **$30,566.42** |
| Liquidated | $30,566.42 |
| Paystubs | $2,500.00 |
| Subtotal | **$63,632.83** |
| Plus Interest | $5,671.54 |
| **Total Owed** | **$69,304.37** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the
outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

Manuel Paredez-
Rojano                    05/10 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 05/10 - 10/11 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 78 |
| 11/11 - 10/12 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 52 |
| 11/12 - 04/14 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 77 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $600/week | 60 | $600.00 | $10.00 | 28 |
| | | | | Total | 235 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 05/10 - 12/13 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $41.76 | 191 | $7,976.16 |
| | | | | | | | Total | $7,976.16 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 05/10 - 10/11 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.00 | 78 | $9,048.00 |
| 11/11 - 10/12 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 52 | $6,240.00 |
| 11/12 - 04/14 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 77 | $10,266.67 |
| | | | | | | | Total | $25,554.67 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 05/10 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 190 | $8,265.00 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $10,425.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 02/10 - 11/14/14 | 1747 | 873.5 | $43,955.83 | $9,467.36 |

| Total Owed | |
|---|---|
| Minimum Wage | $7,976.16 |
| OT Owed | $25,554.67 |
| Spread | $10,425.00 |
| Subtotal | **$43,955.83** |
| Liquidated | $43,955.83 |
| Paystubs | $2,500.00 |
| Subtotal | **$90,411.65** |
| Plus Interest | $9,467.36 |
| **Total Owed** | **$99,879.02** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

**Anibal Polanco**    08/13 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 08/13 - 04/14 | 6 - 10 hour days @ $480/week | 60 | $480.00 | $8.00 | 38 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $560/week | 60 | $560.00 | $9.33 | 28 |
| | | | | Total | 66 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 08/13 - 12/13 | 60 | $480.00 | $8.00 | $12.00 | $4.00 | $80.00 | 21 | $1,680.00 |
| 01/14 - 04/14 | 60 | $459.00 | $7.65 | $11.48 | $3.83 | $76.50 | 17 | $1,300.50 |
| | | | | | | | Total | **$2,980.50** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 08/13 - 12/13 | 6 | 6 | $7.25 | $43.50 | 21 | $913.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$3,073.50** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 08/13 - 11/14/14 | 470 | 235 | $6,054.00 | **$350.80** |

| Total Owed | |
|---|---|
| OT Owed | $2,980.50 |
| Spread | $3,073.50 |
| Subtotal | **$6,054.00** |
| Liquidated | $6,054.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$14,608.00** |
| Plus Interest | $350.80 |
| **Total Owed** | **$14,958.80** |

\* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding
balance (Column D) times the statutory interest rate (9%), divided by 365

**Arturo Ramirez**     09/10 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 09/10 - 08/13 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 156 |
| 09/13 - 04/14 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 34 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $600/week | 60 | $600.00 | $10.00 | 28 |
| | | | | Total | 218 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 09/10 - 08/13 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $41.76 | 156 | $6,514.56 |
| | | | | | | | Total | **$6,514.56** |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 09/10 - 08/13 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.00 | 156 | $18,096.00 |
| 09/13 - 04/14 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 34 | $4,533.33 |
| | | | | | | | Total | **$22,629.33** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 09/10 - 12/13 | 6 | 6 | $7.25 | $43.50 | 173 | $7,525.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$9,685.50** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 09/10 - 11/14/14 | 1535 | 767.5 | $38,829.39 | **$7,348.33** |

| Total Owed | |
|---|---|
| Minimum Wage | $6,514.56 |
| OT Owed | $22,629.33 |
| Spread | $9,685.50 |
| Subtotal | **$38,829.39** |
| Liquidated | $38,829.39 |
| Paystubs | $2,500.00 |
| Subtotal | **$80,158.79** |
| Plus Interest | $7,348.33 |
| **Total Owed** | **$87,507.12** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Daniel Garnica Reyes    08/11 - 09/25/14**

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 08/11 - 03/12 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 34 |
| 04/12 - 09/12 | 6 - 12 hour days @ 570/week | 72 | $570.00 | $7.92 | 26 |
| 10/12 - 10/13 | 6 - 12 hour days @ $600.00 | 72 | $600.00 | $8.33 | 56 |
| 11/13 - 04/14 | 6 - 12 hour days @ $630.00 | 72 | $630.00 | $8.75 | 25 |
| 05/14 - 09/14 | 6 - 10 hour days @ $630.00 | 60 | $630.00 | $10.50 | 21 |
| | | | | Total | 162 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 08/11 - 03/12 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 34 | $4,080.00 |
| 04/12 - 09/12 | 72 | $570.00 | $7.92 | $11.88 | $3.96 | $126.67 | 26 | $3,293.33 |
| 10/12 - 10/13 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 56 | $7,466.67 |
| 11/13 - 04/14 | 72 | $630.00 | $8.75 | $13.13 | $4.38 | $140.00 | 25 | $3,500.00 |
| | | | | | | Total | | $18,340.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 08/2011 - 12/13 | 6 | 6 | $7.25 | $43.50 | 124 | $5,394.00 |
| 01/14 - 09/25/14 | 6 | 6 | $8.00 | $48.00 | 38 | $1,824.00 |
| | | | | Total | | $7,218.00 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 08/11 - 11/14/14 | 1201 | 600.5 | $25,558.00 | $3,784.33 |

| | |
|---|---|
| Total Owed | |
| OT Owed | $18,340.00 |
| Spread | $7,218.00 |
| Subtotal | **$25,558.00** |
| Liquidated | $25,558.00 |
| Paystubs | $2,500.00 |
| Subtotal | **$53,616.00** |
| Plus Interest | $3,784.33 |
| **Total Owed** | **$57,400.33** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Jorge Reyes**    11/14/08 - Present

Summary

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 11/14/08 - 07/13 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 241 |
| 08/13 - 04/14 | 6 - 12 hour days @ $605/week | 72 | $605.00 | $8.40 | 34 |
| 05/14 - 09/14 | 6 - 10 hour days @ $602/week | 60 | $602.00 | $10.03 | 28 |
| 10/14 - 11/14/14 | 7 - 12 hour days @ $602/week | 84 | $960.00 | $11.43 | 6 |
| | | | | Total | 309 |

Overtime

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 11/14/08 - 07/13 | 72 | $600.00 | $8.33 | $10.88 | $2.55 | $81.49 | 250 | $20,373.33 |
| 08/13 - 04/14 | 72 | $605.00 | $8.40 | $12.60 | $4.20 | $134.44 | 34 | $4,571.11 |
| | | | | | | Total | | **$24,944.44** |

Spread

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 11/14/08 - 12/13 | 6 | 6 | $7.25 | $43.50 | 264 | $11,484.00 |
| 01/14 - 11/14/14 | 7 | 7 | $8.00 | $56.00 | 45 | $2,520.00 |
| | | | | | Total | **$14,004.00** |

Interest

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 11/14/08 - 11/14/14 | 2190 | 1095 | $38,948.44 | **$10,516.08** |

| | |
|---|---|
| Total Owed | |
| Minimum Wage | $0.00 |
| OT Owed | $24,944.44 |
| Spread | $14,004.00 |
| Subtotal | **$38,948.44** |
| Liquidated | $38,948.44 |
| Paystubs | $2,500.00 |
| Subtotal | **$80,396.89** |
| Plus Interest | $10,516.08 |
| **Total Owed** | **$90,912.97** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance
(Column D) times the statutory interest rate (9%), divided by 365

**Arnulfo Rivera**    **04/13 - Present**

Summary

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 04/13 - 04/14 | 6 - 12 hour days @ $540/week | 72 | $540.00 | $7.50 | 56 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $560/week | 60 | $560.00 | $9.33 | 32 |
| | | | | Total | 88 |

Overtime

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 04/13 - 12/13 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 39 | $4,680.00 |
| 01/14 - 04/14 | 72 | $540.00 | $8.00 | $12.00 | $4.00 | $128.00 | 17 | $2,176.00 |
| | | | | | | | Total | **$6,856.00** |

Spread

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 04/13 - 12/13 | 6 | 6 | $7.25 | $43.50 | 43 | $1,870.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$4,030.50** |

Interest

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 04/13 - 11/14/14 | 592 | 296 | $10,886.50 | **$794.57** |

| | |
|---|---|
| Total Owed | |
| OT Owed | $6,856.00 |
| Spread | $4,030.50 |
| Subtotal | **$10,886.50** |
| Liquidated | $10,886.50 |
| Paystubs | $2,500.00 |
| Subtotal | **$24,273.00** |
| Plus Interest | $794.57 |
| **Total Owed** | **$25,067.57** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

Sergio Romero    08/10 - 11/14/14

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 08/10 - 07/13 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 156 |
| 08/13 - 12/13 | 6 - 12 hour days @ $540/week - 101 unlawful deduction | 72 | $540.00 | $7.50 | 21 |
| 01/14 - 04/14 | 6 - 12 hour days @ $660/week | 72 | $660.00 | $9.17 | 17 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $660/week | 60 | $660.00 | $11.00 | 28 |
| | | | | Total | 222 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 08/10 - 07/13 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $42.00 | 156 | $6,552.00 |
| | | | | | | | Total | **$6,552.00** |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 08/10 - 07/13 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.16 | 156 | $18,120.96 |
| 08/13 - 12/13 | 72 | $540.00 | $7.50 | $11.25 | $3.75 | $120.00 | 21 | $2,520.00 |
| 01/14 - 04/14 | 72 | $660.00 | $9.17 | $13.75 | $4.58 | $146.67 | 17 | $2,493.33 |
| | | | | | | | Total | **$23,134.29** |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 08/10 - 12/13 | 6 | 6 | $7.25 | $43.50 | 177 | $7,699.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$9,859.50** |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 08/10 - 11/14/14 | 1566 | 783 | $39,545.79 | $7,635.05 |

| Total Owed | |
|---|---|
| Minimum Wage | $6,552.00 |
| OT Owed | $23,134.29 |
| Spread | $9,859.50 |
| Subtotal | **$39,545.79** |
| Liquidated | $39,545.79 |
| Paystubs | $2,500.00 |
| Subtotal | **$81,591.59** |
| Plus Interest | $7,635.05 |
| Total Owed | **$89,226.63** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

Luciano Rosas        03/10 - Present

**Summary**

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 03/10 - 02/12 | 6 - 12 hour days @ $480/week | 72 | $480.00 | $6.67 | 104 |
| 03/12 - 12/13 | 6 - 12 hour days @ $500/week | 72 | $500.00 | $6.94 | 95 |
| 01/14 - 04/14 | 6 - 12 hour days @ $575/week | 72 | $575.00 | $7.99 | 17 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $575/week | 60 | $575.00 | $9.58 | 28 |
| | | | | | 244 |

**Minimum Wage**

| Date Worked | Hours Per Week | Paid | Regular Rate | Minimum Wage | Owed | Total Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 03/10 - 02/12 | 72 | $480.00 | $6.67 | $7.25 | $0.58 | $41.76 | 104 | $4,343.04 |
| 03/12 - 12/13 | 72 | $500.00 | $6.94 | $7.25 | $0.31 | $22.00 | 95 | $2,090.00 |
| | | | | | | | Total | $6,433.04 |

**Overtime**

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 03/10 - 02/12 | 72 | $480.00 | $7.25 | $10.88 | $3.63 | $116.00 | 104 | $12,064.00 |
| 03/12 - 12/13 | 72 | $500.00 | $7.25 | $10.88 | $3.63 | $116.00 | 95 | $11,020.00 |
| 01/14 - 04/14 | 72 | $575.00 | $8.00 | $12.00 | $4.00 | $128.00 | 17 | $2,176.00 |
| | | | | | | | Total | $25,260.00 |

**Spread**

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 03/10 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 199 | $8,656.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | $10,816.50 |

**Interest**

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 03/10 - 11/14/14 | 1719 | 859.5 | $42,509.54 | $9,009.11 |

| Total Owed | |
|---|---|
| Minimum Wage | $6,433.04 |
| OT Owed | $25,260.00 |
| Spread | $10,816.50 |
| Subtotal | **$42,509.54** |
| Liquidated | $42,509.54 |
| Paystubs | $2,500.00 |
| Subtotal | **$87,519.08** |
| Plus Interest | $9,009.11 |
| **Total Owed** | **$96,528.19** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the
outstanding balance (Column D) times the statutory interest rate (9%), divided by 365

**Roberto Vazquez    05/10 - Present**

Summary

| Date Worked | Description | Hours Per Week | Paid | Hourly Wage | Weeks Worked |
|---|---|---|---|---|---|
| 05/10 - 04/11 | 5 - 12 hour days @ $585/week + 17 hours Sundays | 77 | $585.00 | $7.60 | 52 |
| 05/11 - 12/12 | 6 - 12 hour days @ $600/week | 72 | $600.00 | $8.33 | 87 |
| 01/13 - 04/14 | 6 - 12 hour days @ $660/week | 72 | $660.00 | $9.17 | 69 |
| 05/14 - 11/14/14 | 6 - 10 hour days @ $660/week | 60 | $660.00 | $11.00 | 28 |
| | | | | Total | 236 |

Overtime

| Date Worked | Hours Per Week | Pay Per Week | Hourly Rate | Overtime Rate | OT Owed Per Hour | OT Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|---|---|
| 05/10 - 04/11 | 77 | $585.00 | $7.60 | $11.40 | $3.80 | $121.56 | 52 | $6,321.04 |
| 05/11 - 12/12 | 72 | $600.00 | $8.33 | $12.50 | $4.17 | $133.33 | 87 | $11,600.00 |
| 01/13 - 04/14 | 72 | $660.00 | $9.17 | $13.75 | $4.58 | $146.67 | 69 | $10,120.00 |
| | | | | | | | Total | **$28,041.04** |

Spread

| Date Worked | Days Per Week | Spread of Hours | Minimum Wage | Owed Per Week | Total Weeks | Total Owed |
|---|---|---|---|---|---|---|
| 05/10 - 12/13/13 | 6 | 6 | $7.25 | $43.50 | 191 | $8,308.50 |
| 01/14 - 11/14/14 | 6 | 6 | $8.00 | $48.00 | 45 | $2,160.00 |
| | | | | | Total | **$10,468.50** |

Interest

| Date Worked | Total Days | Intermediate | Owed | Interest * |
|---|---|---|---|---|
| 05/10 - 11/14/14 | 1658 | 829 | $38,509.54 | **$7,871.77** |

| | |
|---|---|
| Total Owed | |
| OT Owed | $28,041.04 |
| Spread | $10,468.50 |
| Subtotal | **$38,509.54** |
| Liquidated | $38,509.54 |
| Paystubs | $2,500.00 |
| Subtotal | **$79,519.08** |
| Plus Interest | $7,871.77 |
| **Total Owed** | **$87,390.85** |

* Interest calculated by multiplying the intermediate balance of days (Column C) times the outstanding balance (Column D) times the statutory interest rate (9%), divided by 365